MARY JUDITH HELFENBEIN, Plaintiff-Appellant, *v.* MARILYN MALZAHN, Defendant-Appellee.

(No. 59067; ■■■■■■■■

First District (4th Division)—November 27, 1974.

William Keck, of Herman & Tannebaum, of Chicago (Sidney Z. Karasik and Gary Dienstag, of counsel), for appellants.

Howard T. Brinton and Harold W. Huff, both of Chicago (Wildman, Harrold, Allen & Dixon, of counsel), for appellee.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

This appeal arises from an action filed in the Circuit Court of Cook County by Mary Judith Helfenbein seeking to recover damages for personal injuries sustained when she fell in the driveway of a home owned by the defendant, Marilyn Malzahn. At trial, defendant moved for a directed verdict at the close of plaintiff's evidence. This motion was granted, and plaintiff appeals.

At trial, plaintiff's husband, Victor Helfenbein, testified that he and his wife had known defendant and her husband for at least 5 years prior to the accident. During that period of time, and specifically within the 6 to 8 months prior to the accident, they had visited defendant at her home several times. He stated that the driveway of defendant's home had ruts on either side of it where it joined the street as a result of cars missing the driveway as they entered. He further stated that he had mentioned this condition to defendant's husband. Plaintiff's husband was not present at the time of the accident.

Plaintiff testified that on the evening of the accident she returned home after taking her husband to the airport and went to visit a friend. She parked her car on the street, knocked on her friend's door, but found no one at home. Plaintiff then crossed the street to defendant's home. It was dark and she noticed that the street and parts of defendant's driveway had patches of ice on them. She stayed at defendant's home for approximately 3 hours. When she left there were no lights outside defendant's home. She stated that two lights were on inside the house, but that these were turned off as she reached the front steps. Plaintiff went down the stairs to the walk in front of defendant's home and turned into the driveway. She testified that as she walked down the east side of the driveway her left foot went into a hole and she fell. "I was going into, you know, how a lake ices over and it just seemed like I was going through the ice." At this point in the testimony, she was shown a photograph of defendant's driveway and asked to point out "approximately" the location of her fall. Following the fall she crawled back up the driveway and was taken to the hospital by defendant.

During cross-examination plaintiff said that she was not aware of any hole in the driveway and, further, that she paid no attention to the condition of the driveway on previous visits. She admitted that she did not see what caused her to fall. She stated that she had felt a hole with her hands and that there was ice and snow.

The defendant was called by plaintiff as an adverse witness. She said that she did not actually see the fall. Defendant testified that there were no outdoor lights on when plaintiff left, and the indoor lights were turned out sometime later.

■■ It is plaintiff's contention in this appeal that the trial judge acted in error in directing a verdict in favor of defendant since "defendant owed her [plaintiff] a duty to warn of the dangerous defect in the premises, regardless of how the defect was caused." Plaintiff here was a social guest. In Illinois, to cite a case quoted by the plaintiff in her brief: "* * * it seems clearly established that a social guest must take the premises of his host as he finds it and as it pleases the owner

to maintain it provided, however, that the owner does not fail in his duty of warning the guest of what might be considered a trap, a concealed defect, or conditions which create a new danger of which the guest has no knowledge. ILP, Negligence, § 58. 25 ALR 2d, p. 600, states that '* * . * the cases display a commendable unanimity in holding that a social guest injured by a defect in the premises may not recover against his host in the absence of evidence establishing something more than ordinary negligence in the maintenance of the premises. * * *'" (*Snow v. Judy,* 96 Ill.App.2d 420, 422, 239 N.E.2d 327.)

On this basis, plaintiff claims that the rut alongside the driveway, covered by the snow or ice, was a dangerous condition or "trap" of which defendant was aware and plaintiff was not. By failing to warn plaintiff of this so-called trap, and also by turning off the inside lights, it is argued that defendant rendered herself liable for plaintiff's injuries. We do not agree.

■■■ A social guest, as the above case and several others cited by plaintiff in her brief note (*Kapka v. Urbaszewski,* 47 Ill.App.2d 321, 198 N.E.2d 569; *Hessler v. Cole,* 7 Ill.App.3d 902, 289 N.E.2d 204), must take the premises as he or she finds them and in the condition in which the owner wishes to maintain them. The evidence presented by plaintiff shows that she had visited defendants home in the past and that the premises were generally in the same state as they were on the evening of the accident. Plaintiff's husband was aware of the ruts in question, though plaintiff herself testified that she had not paid any attention to the ruts or any hole when she visited defendant before. She had visited in the past and was aware or should have been aware of the general condition of the premises as a result. Viewing the evidence in the light most favorable to plaintiff (*Pedrick v. Peoria and Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504), we cannot say that there was any concealed defect which defendant had a duty to warn plaintiff of or that there was any evidence presented that established "more than ordinary negligence in the maintenance of the premises."

■■ Further, even if we accept, *arguendo,* that the rut or hole in question could have constituted a concealed danger due to the covering of ice or snow and the darkness, the judgment below would still have to be affirmed. A dangerous condition concealed only by darkness must be avoided by a social guest or a licensee at his peril. (*Dent v. Great Atlantic & Pacific Tea Co.,* 4 Ill.App.2d 500, 124 N.E.2d 360.) In the instant case, aside from the darkness, plaintiff submits that she fell through a patch of ice which accumulated over and concealed a rut or hole alongside defendant's driveway. However, plaintiff's evidence does

620

not show if this in fact was the cause of her fall. Plaintiff was only able to identify the approximate area in which she fell. Plaintiff's testimony was that she did not see what caused her to fall. All she could state was that her foot went through the ice and snow and that she could feel a hole through the ice with her hands. She testified that on her way to defendant's home she saw several patches of ice on the street and driveway. Plaintiff could have stepped through any one of these patches and injured herself. Plaintiff had the burden to show affirmatively that the origin of the ice which caused her fall was unnatural or caused by defendant. (*Bakeman v. Sears, Roebuck & Co.*, 16 Ill.App.3d 1065, 1070, 307 N.E.2d 449.) While a jury could infer that she had in fact fallen into the rut alongside the driveway, her testimony was that she could not say if this was where she fell or what caused the fall, so any verdict then would be the result of conjecture and speculation and the trial judge was correct in directing a verdict in favor of defendant. See *Byrne v. Catholic Bishop of Chicago*, 131 Ill.App.2d 356, 358-359, 266 N.E.2d 708.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.