ETHEL LATIMER, Plaintiff-Appellant, *v.* RICHARD C. LATIMER *et al.*, Defendants-Appellees.

First District (4th Division)    No. 76-1663

Opinion filed November 22, 1978.

Eugene Propp and David V. Schultz, both of Chicago, for appellant.

Tim J. Harrington, of Chicago (Mel E. C. Perretti, of counsel), for appellees.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Ethel Latimer, sued the defendants, Richard C. and Ann Latimer, in the circuit court of Cook County to recover for personal injuries sustained by plaintiff while in defendants' home. On October 14,

1976, the trial court sustained defendants' motion for a directed verdict at the close of plaintiff's case and dismissed plaintiff's cause. The plaintiff appeals and we reverse.

This court will consider (1) whether defendant had a duty to warn plaintiff, a gratuitous licensee, of any hidden dangers of which defendants had knowledge and (2) whether the trial court erred in sustaining defendants' motion for a directed verdict at the close of plaintiff's case.

The facts, stated briefly, are as follows: On October 16, 1971, plaintiff Ethel Latimer and her husband, who reside in Appleton, Wisconsin, arrived at the home of their son (defendant) in Arlington Heights, Illinois, for a visit. They arrived at approximately 1 p.m., and plaintiff spent the remainder of the day enjoying various activities with her family. She did not go upstairs in defendants' home for any reason until approximately 1 a.m., shortly before the accident. At that time, plaintiff went upstairs alone, as the other family members had retired earlier that evening. Plaintiff went to the guest bedroom located to the left of the top of the stairs, changed into her sleepwear and then crossed the hallway and entered the bathroom. The hall light was on at the time. She did not notice anything on the floor between her bedroom and the bathroom. When plaintiff exited the bathroom, she was still wearing her glasses and a pair of bedroom slippers. Plaintiff testified that as she walked out of the door she caught her heel on the rug. She stated that it seemed to stick like a magnet as she lifted her foot, causing her to lose her balance and fall down the stairs.

Defendant Richard Latimer, plaintiff's son, was examined as an adverse witness. He testified that the house had come with wall-to-wall, tacked-down carpeting when he and his wife, defendant Ann Latimer, had moved in. Several weeks prior to the accident, Richard had placed a separate section of carpeting in the hallway in front of the bathroom. The section, which matched and blended with the color of the tacked-down carpeting, measured approximately 20 by 30 inches. Richard testified that he had made this section himself while employed at Ozite Carpeting. He had cut off the section with a utility knife and had not finished the edges in anyway. The remnant also lacked the foam rubber backing that is customarily applied to manufactured carpeting. Richard did not tack down the remnant in anyway when he placed it outside the bathroom door, and he noticed prior to the accident that the edges of the carpet section were curling. He testified that prior to his mother's accident he had experienced the remnant moving or traveling when stepped upon on several occasions. He stated that he had tripped on the remnant once or twice and that he and his wife "knew how to handle it." He stated neither he nor Ann had told his mother or his father about the loose section of

carpeting, or warned them to be careful in any way. When Richard first observed the remnant subsequent to his mother's fall, it was still located between the bathroom door and the top of the stairway, but was turned over and disheveled.

At the close of plaintiff's case, defendants presented their motion for a directed verdict. Defendants claimed that because plaintiff was a social guest, defendants were not obligated to maintain the premises in repair for her safety; defendants were only obligated to refrain from willfully and wantonly injuring plaintiff. According to defendants, plaintiff failed to introduce any evidence of willful or wanton conduct on the part of defendants. The trial court sustained defendants' motion.

Plaintiff maintains on appeal that defendants had a duty to warn her of any hidden dangers existing on the premises, and that their failure to do so under the circumstances could be considered willful and wanton. She contends that sufficient evidence was introduced that this question should have been submitted to the jury for its consideration, and that the trial court violated the *Pedrick* standard (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504) when it directed a verdict in defendants' favor. We agree.

● 1, 2 It is true, as defendants contend, that a social guest or licensee generally must take the premises of his host as he finds them. However, a duty is imposed upon the host or owner to warn his guest of any hidden dangers, concealed defects, traps, or conditions creating a danger, new and unknown to his guest, existing upon the premises of which he has knowledge, and to refrain from injuring his guest willfully or wantonly. (*Walton v. Norphlett* (1977), 56 Ill. App. 3d 4, 6-7, 371 N.E.2d 978, 980; *Snow v. Judy* (1968), 96 Ill. App. 2d 420, 422, 239 N.E.2d 327, 329; *Kapka v. Urbaszewski* (1964), 47 Ill. App. 2d 321, 325, 198 N.E.2d 569, 572.) "Willful and wanton misconduct means a course of action which shows either deliberate intention to harm or utter indifference to, or conscious disregard for, the safety of others." (*Kapka*, at 324.) Therefore, a host's failure to warn his social guest of any concealed dangerous condition of which he has knowledge could be construed as willful or wanton misconduct. *Walton*, at 7.

The Restatement (Second) of Torts §342 (1965) is in accord with the above statement of the law and provides as follows:

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

(b) he fails to exercise reasonable care to make the condition

safe, or to warn the licensees of the condition and the risk involved, and

(c) the licensees do not know or have reason to know of the condition and the risk involved."

We believe the plaintiff introduced sufficient evidence to establish a question of fact as to whether the Restatement requirements for liability were met in the instant case.

■■ It is true, as defendants point out, that Illinois courts have directed verdicts for defendants in some cases involving *apparently* dangerous and hidden conditions, holding that these did not constitute hidden dangers or traps within the meaning of the law. (See *Helfenbein v. Malzahn* (1974), 24 Ill. App. 3d 616, 321 N.E.2d 394; *Dent v. Great Atlantic & Pacific Tea Co.* (1955), 4 Ill. App. 2d 500, 124 N.E.2d 360.) However, this court believes that a seemingly innocuous instrumentality, such as a section of carpeting, can, when negligently or improperly used, create a dangerous condition of a magnitude sufficient to impose upon a possessor of land the duty to warn a licensee of the danger if it is not ascertainable by the licensee. Whether the carpet section here constituted a hidden danger or trap within the meaning of the law was properly a question of fact within the province of the jury to determine. (*Snow v. Judy* (1968), 96 Ill. App. 2d 420, 424, 239 N.E.2d 327, 329-30.) And, of course, once this determination is made, the law imposes on defendants the duty to reasonably advise of the danger (*Snow*, at 424), and the failure to do so may be willful or wanton misconduct. (*Walton v. Norphlett* (1977), 56 Ill. App. 3d 4, 7, 371 N.E.2d 978, 980.) Therefore, under the circumstances of the case before us, we cannot say that all of the evidence when viewed in its aspect most favorable to plaintiff, so overwhelmingly favors defendants that no verdict for the plaintiff could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

We find it unnecessary to discuss other issues raised by the parties, which we have considered and find to be without merit. *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 372, 366 N.E.2d 327, 347.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for trial.

Reversed and remanded.

ROMITI and LINN, JJ., concur.