DONNA JEAN LANGFORD, Indiv. and as Adm'x of the Estate of Robert E. Langford, Jr., Deceased, *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. COOK COUNTY *et al.*, Defendants (Advance Transportation Company, Defendant-Appellee and Cross-Appellant; Specialty Restaurant, Inc., Defendant and Third-Party Plaintiff; Henry Trimm *et al.*, Third-Party Defendants).

First District (2nd Division)   No. 83—2109

Opinion filed September 18, 1984.—Rehearing denied October 25, 1984.

Tom Leahy, of Chicago, for appellants.

Peterson, Ross, Schloerb & Seidel, of Chicago (J. Robert Geiman, Robert A. Seidel, and William A. Chittenden III, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff Donna Jean Langford and her minor children (Langford) brought an action in the circuit court of Cook County against defendant Advance Transportation Company (Advance) to recover damages for the death of Robert E. Langford, plaintiff's husband, who was killed when his automobile was struck by an automobile driven by Sergio Cortez at the intersection of South Milwaukee Avenue and an asphalt-paved roadway leading to the 94th Aero Squadron Restaurant in Wheeling, Cook County.

This appeal is concerned only with counts III and VII of plaintiffs' amended complaint which contain the allegations against Advance. Count III seeks damages for the wrongful death of plaintiffs' decedent, alleging that Advance "owned a portion of the intersection" of the paved roadway leading from Milwaukee Avenue to the 94th Aero

Squadron Restaurant; that Advance had "control and jurisdiction" over the aforesaid intersection; and that Advance was negligent in one or more of the following respects:

"a. Failed to adequately light said intersection.

b. Failed to warn motorists of the inadequate lighting.

c. Failed to design, construct and maintain said roadway so that motorists entering S. Milwaukee Road could have a reasonably clear view of traffic proceeding south on S. Milwaukee Avenue.

d. Designed, constructed and maintained an unreasonably hazardous intersection.

e. Failed to warn motorists proceeding south on S. Milwaukee Road of the aforesaid unreasonably hazardous intersection.

f. Failed to warn motorists proceeding east onto S. Milwaukee Road of the aforesaid unreasonably hazardous intersection."

Count VII seeks damages for a "survival action," under section 339 of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 339, now Ill. Rev. Stat. 1983, ch. 110½, par. 27—6), alleging the same facts as in count III.

Although Advance in its brief claimed that, "unknown to Advance, a portion of the driveway pavement encroaches upon its property," Advance conceded that it, in fact, owned a small segment of land underlying the intersection. In an affidavit attached to Advance's motion for summary judgment, Michael J. Mattis, a registered Illinois land surveyor, verified Advance's ownership of "a small triangular area at the driveway's intersection with Milwaukee Avenue."

In response to interrogatories, the 94th Aero Squadron Restaurant acknowledged that the roadway in question was an easement granted to the 94th Aero Squadron by its landlord, George Priester, and that the 94th Aero Squadron has control over the roadway leading to its premises.

The trial court, relying on section 349 of the Restatement (Second) of Torts (1965), granted Advance's motion for summary judgment. The trial court held that mere ownership of a small portion of land underlying the intersection did not, as contended by plaintiffs, impose upon Advance a duty to maintain the roadway.

The sole issue presented for review is whether Advance's ownership of a portion of the roadway upon which plaintiffs' decedent was killed imposes a duty upon Advance to exercise reasonable care in the maintenance of this roadway.

Advance's argument for summary judgment is predicated on section 349 of the Restatement (Second) of Torts (1965). Advance main-

tains that under this section it is exempted from liability and has no duty for the maintenance of the roadway. Plaintiffs argue against summary judgment, contending that under section 367 of the Restatement, Advance has such a duty.

Section 349 of the Restatement sets forth the duty of a landowner whose property is crossed by "a public highway or private right of way." This section states:

"Sec. 349. Dangerous Conditions in Public Highway or Private Right of Way

A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care

(a) to maintain the highway or way in safe condition for their use, or

(b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover."

Although research has failed to disclose any Illinois cases specifically brought under section 349, principles similar to those enunciated in this section have been adapted by Illinois courts to situations where the plaintiff is a licensee.

A licensee, as distinguished from an invitee, was defined in *Trout v. Bank of Belleville* (1976), 36 Ill. App. 3d 83, 87, 343 N.E.2d 261, 264, as follows:

"An *invitee* is a person who goes upon the premises of another by an express or implied invitation *to transact business in which he and the owner have a mutual interest* or to promote some real or fancied material, financial, or economic interest of the owner. [Citation.] A *licensee* is a person who goes upon the premises of another with the express or implied consent of the owner, *to satisfy his own purposes* rather than for the mutual benefit of himself and the owner or a purpose connected with the business in which the owner is engaged or permits to be carried on upon the premises." (Emphasis added.)

In the instant case, although decedent appears to have been an invitee of the 94th Aero Squadron Restaurant, his use of the roadway had no connection with Advance. Therefore, the decedent was, at most, a licensee of Advance.

In *Carroll v. Lily Cache Builders, Inc.* (1979), 74 Ill. App. 3d 264, 266, 392 N.E.2d 986, 988, the court held that,

"In cases involving premises liability in Illinois, a plaintiff's le-

gal status at the time of injury is customarily a crucial factor because an owner of property owes to an invitee the duty to exercise reasonable care for [the invitee's] safety while the only duty owed to a licensee is a duty to refrain from wilful and wanton misconduct."

Thus, a landowner may be liable for failure to exercise reasonable care for an invitee's safety, but not in the case of a licensee.

In *Pearce v. Illinois Central Gulf R.R. Co.* (1980), 89 Ill. App. 3d 22, 31, 411 N.E.2d 102, 107, the plaintiff, while driving on a private road owned and maintained by his employer, a coal mine company, was injured when his vehicle collided with a train operated by the defendant on a track which crossed the coal mine company's private road. The private road led from a public highway to the coal mine. The court found that plaintiff,

"was not there at defendant's invitation, express or implied. At best, plaintiff had a mere license to cross defendant's right-of-way. Mere naked license to enter or pass over an estate will not create a duty or impose an obligation on the part of the owner to provide against the danger of accident."

Although at oral argument before this court plaintiffs advised that the exact location of the accident in question has not yet been determined, their complaint averred that the accident occurred at the intersection of a public highway (South Milwaukee Avenue) and a private roadway providing access to and from the 94th Aero Squadron Restaurant. The restaurant is not on property owned by Advance, nor does Advance have any interest or involvement in the restaurant or its operation. The only factor connecting Advance to the road in question is its ownership of a small segment of land underlying the restaurant's roadway as it intersects South Milwaukee Avenue where the accident allegedly occurred. At most, decedent merely had a license to use the road to enter and leave the restaurant.

Despite this, plaintiffs contend that Advance was negligent in the design, construction and maintenance of the intersection, and that such negligence was a proximate cause of the decedent's death. We conclude that the application of section 349 of the Restatement exempts Advance from any legal duty to exercise reasonable care in the maintenance of this roadway.

Plaintiffs argue, however, that section 367 of the Restatement (Second) of Torts (1965) imposes upon Advance a duty to exercise reasonable care in the maintenance of the roadway. This section provides:

"Sec. 367. Dangerous Conditions on Land Appearing to be a Highway

A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway is subject to liability for physical harm caused to them, while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel."

Plaintiffs cite *Carroll* in support of their argument that section 367 of the Restatement (Second) of Torts (1965) is applicable to Advance. In *Carroll*, however, the court found that plaintiff was an invitee, not a mere licensee. There, plaintiff owned a home in a cul-de-sac subdivision built by defendant. The court held that there existed an implied invitation to residents of the cul-de-sac and to the public to enter upon the private way, and that defendant was obligated to exercise reasonable care in its maintenance.

Section 367 of the Restatement applies to "[a] possessor of land *who so maintains a part thereof* that he knows or should know that others will reasonably believe it to be a public highway." (Emphasis added.) Restatement (Second) of Torts sec. 367 (1965).

In the instant case, the restaurant acknowledged that it, not Advance, maintained and controlled the private roadway. Advance, on the other hand, did not hold out the roadway as a public highway, had no control of the roadway and asserted no responsibility for its maintenance. These conditions would prevail even if, as plaintiffs' counsel contended at oral argument, travelers could reasonably believe this to be a public highway providing access to and from the restaurant.

Based on the facts before us, we conclude that section 367 of the Restatement is inapplicable to Advance and does not impose upon Advance any duty to exercise reasonable care in the maintenance of this roadway. In our opinion, the trial court did not err in granting summary judgment to defendant.

For the reasons herein stated, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN, P.J., and STAMOS, J., concur.