THOMAS LOREK, Plaintiff-Appellant, v. VIRGINIA HOLLENKAMP, Defendant-Appellee.

Second District No. 2—85—0796

Opinion filed July 10, 1986.

John Panegasser, of Caluwaert, Panegasser & Van Epps, of Elmhurst, for appellant.

James L. DeAno, of O'Reilly & Cunningham, P.C. of Wheaton, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Thomas Lorek, appeals from the judgment of the circuit court of Du Page County granting the motion for summary judgment of the defendant, Virginia Hollenkamp, as to both counts of plaintiff's complaint. He claims that the allegations of the complaint are sufficient to raise factual issues as to his status in the defendant's home and as to the defendant's alleged wilful and wanton misconduct.

On January 23, 1984, plaintiff went to the home of defendant to attend a meeting of a church liturgy group. Six other members of the committee were also present at the meeting, which began at 7:30 p.m. As plaintiff approached the house, a light rain was falling. It had snowed earlier in the day, and the temperature was in the 30's. As plaintiff ascended the seven steps to defendant's house, he noticed that the south half of the steps was covered with ice. The north half had been shoveled clean. The north half was wet but not slippery. As plaintiff hit the top stair, he felt a drop of water hit him in the head. He looked up and saw an icicle dripping water from the gutter onto the porch.

After the meeting, which lasted approximately two hours, the guests got up to leave. As one of the other committee members, Dr. Barbara Ganchoff, got up to leave, plaintiff warned her to be careful, because "it might be slippery". Dr. Ganchoff made it down the stairs without incident, but as plaintiff was leaving and placed his foot on the first step, he felt it slip out from under him. The next thing he knew, he was at the bottom of the stairs, and his shoulder and face had hit the railing on the way down. As a result of the fall, plaintiff suffered a tear of the rotator cuff of his right shoulder and underwent surgery.

Plaintiff had been to defendant's house previously. Sometime in the fall of 1983, he had pointed out to defendant a dark patch on her living-room wall where water was leaking in. Defendant subsequently called a carpenter and a roofing contractor to have the roof and gutters checked, but the problem had not been fully repaired. Plaintiff filed his two-count complaint on July 3, 1984. The first count alleged that he was present in defendant's home as a business invitee and alleged ordinary negligence by the defendant. The second count alleged

wilful and wanton misconduct. After discovery, the defendant moved for summary judgment, which was granted on June 10, 1985. The trial court denied the plaintiff's motion to reconsider on September 12, 1985. This appeal followed.

██ Summary judgment is a drastic remedy and should be granted only when the moving party is clearly entitled to it as a matter of law. (*Riley v. Singer* (1979), 75 Ill. App. 3d 1036.) On the other hand, if the pleadings, depositions and affidavits on file clearly show that no issue exists as to any material fact, then summary judgment should be granted. *Estate of Kern v. Handelsman* (1983), 115 Ill. App. 3d 789, 793.

██ As to the first count of his complaint, plaintiff claims that summary judgment was improper because the plaintiff's status as an invitee or licensee is always a question of fact for the jury. The trial court determined as a matter of law that plaintiff was a licensee, and thus defendant owed him no duty except to refrain from wilful and wanton misconduct. (See *Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 379.) The question of status may be determined as a matter of law if there are no factual questions present. (See *Mazzeffi v. Schwanke* (1977), 52 Ill. App. 3d 1032, 1033, *cert. denied* (1978), 439 U.S. 869, 58 L. Ed. 2d 181, 99 S. Ct. 199.) The cases cited by plaintiff, wherein the appellate court held that the issue of the plaintiff's status should have been submitted to the jury, are distinguishable. In each case, there are factual questions as to whether plaintiff was invited on the premises or was merely a volunteer. *Augsburger v. Singer* (1968), 103 Ill. App. 2d 12, 19; *Drews v. Mason* (1961), 29 Ill. App. 2d 269, 277.

In the case primarily relied upon by the trial court in finding that the plaintiff was a licensee, plaintiff and defendant were both members of a masonic lodge, and the plaintiff had stopped at the defendant's house to pay his dues. The court found that any benefit from the transaction flowed to the lodge and not to the defendant, and thus plaintiff was merely a licensee, much like a social guest. The appellate court upheld a directed verdict for the defendant. (*Barmore v. Elmore* (1980), 83 Ill. App. 3d 1056.) In the present case, plaintiff concedes that nothing was discussed at the January 23 meeting except church business. No business of the defendant was discussed. The benefits from the meeting went strictly to the church. On these facts, the trial court was amply justified in finding that plaintiff was a licensee as a matter of law.

Further, we note that the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 301 *et seq.*) is not applicable to this case. The Act

will not be applied retroactively from its effective date of September 12, 1984. (*Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 851.) Since the accident in question occurred in January 1984, prior to the effective date of the Act, it is not applicable here.

■ As to the second count of the complaint, plaintiff claims a fact issue exists as to whether defendant failed to warn plaintiff of a dangerous condition of which the defendant had knowledge. It is true that such a failure may constitute wilful and wanton misconduct. (*Coleman v. Hermann* (1983), 116 Ill. App. 3d 448, 457.) The condition, however, must actually be hidden. A licensee must avoid open or obvious danger at his peril. (*Wintercorn v. Rybicki* (1979), 78 Ill. App. 3d 179, 183.) In *Wintercorn*, the 12-year-old plaintiff was injured when another boy threw an object at him, striking him in the face. Plaintiff sued the boy and his father for failing to warn plaintiff of defendant's violent tendencies. A grant of summary judgment for defendant was upheld because plaintiff had observed several instances of violent behavior by the defendant in the two weeks prior to the incident in question. Therefore, there was no duty to warn the plaintiff of a condition of which the plaintiff already had knowledge. 78 Ill. App. 3d 179, 183.

Similarly, in *Mazzeffi v. Schwanke* (1977), 52 Ill. App. 3d 1032, *cert. denied* (1978), 439 U.S. 869, 58 L. Ed. 181, 99 S. Ct. 199, the plaintiff was injured when he stepped into a hole which was concealed only by darkness. Summary judgment for the defendant was upheld because although obscured by darkness, the hole was not concealed.

In *Helfenbein v. Malzahn* (1974), 24 Ill. App. 3d 616, 619, the plaintiff was injured when she stepped into a rut in defendant's driveway which was covered by ice and snow. Summary judgment for defendant was upheld because plaintiff had been to the defendant's house on previous occasions and should have been aware of the condition of the defendant's driveway, even if she had not actually noticed it.

■ In the present case, plaintiff vigorously insists in his brief that defendant had knowledge of the leaky condition of her roof and/or gutters as early as the fall of 1983, when plaintiff pointed it out to her. This argument misconstrues the law relating to the trial court's holding. As the trial court correctly observed in its letter ruling, "It was not the defective and leaky roof condition, however, which caused [plaintiff's] injury. Rather, it was the presence of ice on the stair which, it must be presumed, was formed as a result of water dripping from the gutter. This condition was not hidden."

Plaintiff attempts to transform defendant's knowledge of the

leaky condition of her gutters into knowledge of the icy condition of the stairs. In his brief, plaintiff argues that "the defendant full well knew it had snowed earlier in the day and that the temperature was above freezing. The defendant full well knew that her gutters leaked water onto the front porch and she full well knew that water freezes when the temperature drops." Yet, in the previous paragraph he states that "[t]he plaintiff was unaware that the wet spot [on the stairs] had frozen into ice." Plaintiff fails to explain why this knowledge of the physical characteristics of water should be attributed to the defendant, but not to the plaintiff. The simple facts, as revealed by plaintiff's own deposition, are that plaintiff told defendant in the fall of 1983 that there was a problem with her gutters. On the night of the occurrence in question he knew it was raining and the temperature was barely above freezing. He saw that the stairs were wet and was aware of the icicle dripping onto the porch. As another guest was leaving, plaintiff warned her that the stairs might be slippery. Plaintiff must be charged with the same knowledge with which he seeks to charge defendant: that the temperature was likely to drop during the course of the evening and that if the temperature dropped below 32°, the water on the stairs would freeze. Owners have no duty to inform licensees of obvious defects. See *Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 98.

In *Mazzeffi* and *Helfenbein*, the dangerous conditions with which the plaintiffs were charged with knowledge were actually hidden, one by snow and the other by darkness. In the present case, plaintiff actually saw the condition which caused his injury.

The trial court correctly determined that plaintiff was present in defendant's house as a social guest, and that plaintiff was aware of the condition of the stairs which caused his injury. Therefore, its judgment granting summary judgment to the defendant is affirmed.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.