DONNA NORTHRUP, Plaintiff-Appellant, v. ALLISTER CONSTRUCTION COMPANY *et al.*, Defendants (Carl Midland *et al.*, Defendants and Counter-defendants-Appellees; Allister Construction Company, Counterplaintiff-Appellant).

First District (3rd Division)  Nos. 86—0155, 86—3065 cons.

Opinion filed November 4, 1987.

Laser, Schostok, Kolman & Frank, of Chicago (Michael Lee Tinaglia, of counsel), for appellant Donna Northrup.

Smith & Tamillow, of Chicago (Patrick J. Liston, of counsel), for appellant Allister Construction Company.

Judge & Knight, Ltd., of Park Ridge (Kristine A. Karlin, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Donna Northrup sued defendants Allister Construction Company, National Homes Corporation, and Carl and Mary Midland, alleging that defendants' negligent acts caused plaintiff to fall down a flight of stairs in the Midlands' home. The Midlands moved for sum-

mary judgment and the trial court granted the motion. Plaintiff appealed in docket No. 86—0155. Allister countersued the Midlands for contribution, and the trial court granted the Midlands' motion for summary judgment on the countersuit. Allister appealed in docket No. 86—3065. The cases were consolidated for oral argument.

## I

Northrup alleged in her complaint that she was a social guest of the Midlands on July 6, 1981, and she spent the night at their home. Around 8 a.m. on July 7, as she came downstairs, Northrup tripped on some clothes left on the staircase. In her complaint she alleged that the Midlands negligently left clothes on the stairs and failed to warn her of the dangerous condition of the stairs.

The Midlands moved for summary judgment and they supported their motion with a transcript of Northrup's deposition. The Midlands' staircase consists principally of rectangular stairs, each following the other in a straight line, but near the bottom the staircase curves, and the two steps which form the curve are nearly triangular. Northrup testified in her deposition that when she descended the staircase on the morning of July 7, 1981, she saw a pile of clothes on the wide end of the stairs, which forms the curve. She placed a foot on the narrow end of the stair in order to avoid stepping on the clothes. She felt that her footing was precarious, so she brought her other foot down. It caught the clothing. She reached to brace herself, but there was no handrail around the curve. Her feet slipped out from under her and she flew down the remaining stairs. She found herself at the bottom of the staircase in excruciating pain.

■ On appeal, Northrup contends that the Midlands could be found guilty of negligence. Under the law in effect in Illinois at the time of the accident, the degree of care which a landowner owed to a person on his property was determined by that person's status as invitee, licensee, or trespasser. (*Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 380, 410 N.E.2d 21.) Social guests, like plaintiff herein, are considered licensees. (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 336, 443 N.E.2d 1162.) A landowner owes his licensees a duty not to engage in wilful or wanton conduct which injures the licensees (*Ellguth v. Blackstone Hotel, Inc.* (1951), 408 Ill. 343, 347, 97 N.E.2d 290), and this duty includes a duty to warn licensees of any concealed hazards on the land (*Latimer v. Latimer* (1978), 66 Ill. App. 3d 685, 688, 384 N.E.2d 107). The landowner may be liable to an invitee for ordinary negligence, but he cannot be held liable to a licensee for ordinary negligence. (*Langford v. Cook County* (1984), 127 Ill. App. 3d

697, 700, 469 N.E.2d 335.) In the eyes of the common law, "[a] licensee's privilege to enter is a gift." (Restatement (Second) of Torts §342 comment D (1965).) "[T]here is a common understanding that the guest is expected to take the premises as the possessor himself uses them ***." Restatement (Second) of Torts §330, comment H, illustration 3 (1965).

Under the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 301 *et seq.*), effective September 12, 1984, "[t]he distinction under the common law between invitees and licensees as to the duty owed by an owner or occupier of any premises to such entrants is abolished." (Ill. Rev. Stat. 1985, ch. 80, par. 302.) Plaintiff asks us to apply this act retroactively to the accident at issue in this case. The act affects substantive rights and duties, not merely matters of procedure or remedy, and it does not state on its face that it is to be applied retroactively. (See *Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, *cert. denied* (1981), 451 U.S. 921, 68 L. Ed. 2d 312, 101 S. Ct. 2000.) Therefore, the Premises Liability Act will not be applied retroactively. (*Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 711, 474 N.E.2d 920; *Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 851, 485 N.E.2d 478.) Under the law in effect at the time of the accident, the Midlands could not be liable to Northrup for ordinary negligence because Northrup was only a licensee, and not an invitee, at their home. The trial court properly granted the Midlands summary judgment against Northrup insofar as Northrup attempted to state a cause of action for negligence.

Northrup next claims that in her complaint and her deposition, she has stated facts adequate to support a cause of action for wilful and wanton misconduct. The landowner's conduct is considered "wilful and wanton" if he fails to warn social guests of concealed dangers, or latent defects, but the "licensee must avoid open or obvious danger at his peril." (*Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1100, 1103, 495 N.E.2d 679.) The dangerous condition in the case at bar was obvious to Northrup, as she stated in her deposition that she saw the pile of clothes while she was walking down the staircase. Since the plaintiff has not alleged any latent defect, the Midlands' failure to warn plaintiff cannot constitute wilful and wanton misconduct. *Lorek*, 144 Ill. App. 3d at 1103-04.

*Latimer v. Latimer* (1978), 66 Ill. App. 3d 685, 384 N.E.2d 107, is not to the contrary. In that case the defendant placed a separate section of carpeting in front of his bathroom. The section, which was not tacked down, matched the remainder of the carpeting, which was tacked down. The edges of the section had curled slightly, and defend-

ant had tripped on the edge himself. He did not warn the plaintiff, a social guest, that the section was loose. Plaintiff tripped on the edge of the section. The appellate court ruled that the separate section of the carpet could constitute a hidden danger about which defendant had a duty to warn plaintiff. *Latimer*, 66 Ill. App. 3d at 689.

■ In *Latimer* the plaintiff was not aware of the loose carpeting; in the case at bar, on the other hand, Northrup was aware that there were clothes on the staircase. She was even aware that the clothes constituted a hazard: she testified that she stepped on the smaller end of the stairs on the curve in order to avoid stepping on the clothes. We find that the Midlands owed Northrup no duty to warn her of the clothes on the stairs because the clothes did not constitute a latent defect. We also find that the act of placing a pile of clothes on the stairs does not constitute wilful and wanton misconduct. The facts stated in the complaint and the deposition cannot support a finding that the Midlands were guilty of wilful and wanton misconduct. We hold that the trial court properly granted the Midlands' motion for summary judgment against Northrup.

## II

Northrup sued Allister, alleging that Allister negligently failed to install a railing along the curve in the staircase. Allister countersued the Midlands for contribution, alleging that their negligent acts of placing clothes on the staircase and failing to warn Northrup of the danger also caused Northrup's injury. According to "An Act in relation to contribution among joint tortfeasors" (Contribution Act):

"[W]here 2 or more persons are subject to liability in tort arising out of the same injury ***, there is a right of contribution among them ***." (Ill. Rev. Stat. 1981, ch. 70, par. 302(a).)

The trial court granted the Midlands' motion for summary judgment against Allister on the grounds that the Midlands were not "subject to liability in tort" for the injury.

■ Allister contends on appeal that the Midlands were subject to liability in tort because their actions were one of the proximate causes of Northrup's injury, citing *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 461 N.E.2d 382. However, in that case our supreme court stated that "the Contribution Act focuses *** on the culpability of the parties." (*Doyle*, 101 Ill. 2d at 14.) In order to find the Midlands culpable in this case, as in any tort case, the court would need to find that the Midlands owed plaintiff a duty of care and that they failed to act in accordance with that duty. (*Culhane v. Ludford* (1986), 148 Ill. App. 3d 763, 770, 499 N.E.2d 686.) The duty of care which the Midlands

owed Northrup is clear: they had a duty to avoid wilful and wanton misconduct, and thus they had a duty to warn Northrup of concealed hazards. (*Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1103, 495 N.E.2d 679.) We have already found that the facts stated in Northrup's complaint and deposition could not support a finding that the Midlands failed to meet their duty of care to her. Allister's response to the Midlands' motion for summary judgment includes no additional allegations of misconduct. Since the Midlands met their legal duty of care, their conduct cannot be considered legally culpable, and thus, under *Doyle*, they are not subject to liability in tort to Northrup. (*Doyle v. Rhodes* (1984), 101 Ill. 2d 114, 461 N.E.2d 382.) Therefore, because Midlands have no liability in tort to Northrup, they may not be held liable to McAllister for contribution. *J. I. Case v. McCartin-McAuliffe Plumbing & Heating* (1987), 118 Ill. 2d 447.

Allister contends that the fact that Northrup cannot recover from the Midlands should not affect its right to contribution. Allister cites a number of cases in which contribution was allowed despite the fact that the party from whom contribution was sought had been sued by the plaintiff and found not liable because of a statutory immunity. In *Stephens v. McBride* (1983), 97 Ill. 2d 515, 455 N.E.2d 54, our supreme court held that plaintiff's failure to comply with the notice provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, pars. 8—102, 8—103) did not render the defendant village immune from another defendant's countersuit for contribution. (97 Ill. 2d at 520.) Similarly, in *Wirth v. City of Highland Park* (1981), 102 Ill. App. 3d 1074, 430 N.E.2d 236, this court held that defendant's interspousal immunity from suit by plaintiff did not constitute a defense to a countersuit for contribution brought by a third party. 102 Ill. App. 3d at 1081.

Allister cites no case in which the defendant was found to be liable for contribution even though he had fulfilled his duties to the plaintiff. The defendants in the contribution actions cited by Allister were immune from suit, but their culpable actions rendered them subject to liability in tort. (*Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 9, 461 N.E.2d 382.) In the eyes of the law, the Midlands' actions towards Northrup were not culpable, and therefore Allister's suit for contribution must fail.

Finally, Allister argues that in this case there is a conflict between the principles underlying the Contribution Act and the principles which support the common law of landowner's liability to licensees. We see no conflict: the Contribution Act renders one tortfeasor liable to another when both have committed wrongful acts which caused the

harm. The common law of landowner's liability established the landowner's duties to licensees and thereby defined the acts which could be considered wrongful. Since the Midlands met their duties to Northrup, their acts are not legally wrongful. Since the Midlands are not tortfeasors, the principles underlying the Contribution Act authorize no contribution from them.

For the reasons stated above, the judgments of the trial court granting the Midlands' motions for summary judgment against Northrup and Allister are affirmed.

Affirmed.

McNAMARA, P.J., and RIZZI, J., concur.