**Charles REID, a minor by Lindell REID, his father and next friend, Plaintiff,**

v.

**NORFOLK AND WESTERN RAILWAY COMPANY, a Virginia Company, Defendant.**

**No. 96–3044.**

United States District Court, C.D. Illinois, Springfield Division.

June 13, 1997.

---

Russell K. Benton, Springfield, IL, for Plaintiff.

Thomas W. Alvey, Jr., Kurt E. Reitz, Mary Sue Juen, Belleville, IL, for Defendant.

## *OPINION*

RICHARD MILLS, District Judge.

*General rule:* A railroad company owes no duty to a trespasser except to refrain from inflicting wanton or willful injury.

*Exception:* A railroad company must use ordinary care toward those who are frequent trespassers in a limited area upon the railroad company's property where the railroad company knows—or should know—of the trespassers' constant intrusion.

Is a city block a "limited area" for purposes of the permissive use exception?

No.

## I.  BACKGROUND

On August 4, 1995, between 12:00 p.m. and 1:00 p.m., Plaintiff was walking in the vicinity of the railroad tracks located in the 2200 block of South Sixth Street in Springfield, Illinois.[1]  During that same time period, Defendant, through its employees, was operating a freight train in an easterly direction along that same stretch of railroad tracks.[2]  Tragically, Defendant's freight train struck Plaintiff as he was walking in the vicinity of the railroad tracks.

Plaintiff asserts that Defendant is liable for the injuries which he sustained as a result of the accident.  In Count I of his second Amended Complaint, Plaintiff argues that Defendant's operation of its freight train was negligent and that this negligence was a direct and proximate cause of his injuries.  In Count II of his second Amended Complaint, Plaintiff argues that Defendant willfully and wantonly operated its freight train with a reckless disregard for Plaintiff's safety.  Thus, Plaintiff seeks compensation for the damages which he sustained as a result of this accident.

## II.  STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c); *see Ruiz–Rivera v. Moyer*, 70 F.3d 498, 500–01 (7th Cir.1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477

---

**1.**  On August 4, 1995, Plaintiff was 15 years, 9 months old.

**2.**  Defendant's freight train consisted of a locomotive cab and two tank cars.

U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

### III. ANALYSIS [3]

#### A. COUNT I

■ Count I of Plaintiff's second Amended Complaint alleges that Plaintiff was injured as a result of Defendant's negligence. In Illinois, in order to state a cause of action for negligence, a plaintiff must establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages suffered by the plaintiff. *Ward v. K Mart Corp.* 136 Ill.2d 132, 140, 554 N.E.2d 223, 226, 143 Ill.Dec. 288, 291 (1990). Defendant claims that it did not owe Plaintiff a duty, and therefore, summary judgment should be entered in its favor.

■ "The existence of a duty must be determined by the court as a matter of law but the question of whether there was a breach of that duty and whether that breach was a proximate cause of the injury are questions of fact for the jury." *Rodriguez v. Norfolk and Western Ry. Co.*, 228 Ill.App.3d 1024, 1037–38, 593 N.E.2d 597, 607, 170 Ill. Dec. 708, 718 (1992), citing *Zimmermann v. Netemeyer*, 122 Ill.App.3d 1042, 1044–45, 462 N.E.2d 502, 504, 78 Ill.Dec. 383, 385 (1984). Under Illinois law, the nature of the duty a landowner owes to an entrant upon his land depends upon his status as a trespasser, licensee, or invitee. *Miller v. General Mo-*

*tors Corp.*, 207 Ill.App.3d 148, 153–54, 565 N.E.2d 687, 690, 152 Ill.Dec. 154, 157 (1990).[4] A plaintiff's status is a question of law if there are no factual questions present. *Lorek v. Hollenkamp*, 144 Ill.App.3d 1100, 1102, 495 N.E.2d 679, 681, 99 Ill.Dec. 232, 234 (1986).

■ In the instant case, Defendant asserts that Plaintiff was a trespasser. Plaintiff does not dispute this classification. On the day of his accident, Plaintiff entered Defendant's property without invitation or permission. *Rodriguez*, 228 Ill.App.3d at 1039–40, 593 N.E.2d at 608, 170 Ill.Dec. at 719. Furthermore, "Plaintiff's intrusion was not for the benefit of the railroad but was for some other purpose." *Id.* Accordingly, the Court finds that Plaintiff was a trespasser upon Defendant's land.

■ "Generally, a railroad company owes no duty to a trespasser except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril."*Id.; Lee v. Chicago Transit Auth.*, 152 Ill.2d 432, 446–47, 605 N.E.2d 493, 498, 178 Ill.Dec. 699, 704 (Ill.1992). However, Illinois courts have recognized three exceptions to this general rule. First, landowners must use ordinary care to avoid injuring a trespasser who has been discovered. *Id.; Briney v. Illinois Cent. R.R. Co.*, 401 Ill. 181, 186, 81 N.E.2d 866, 869 (1912). Second, landowners must use ordinary care to protect young children who the landowner knows will foreseeably intrude upon the premises and are incapable of appreciating the risk(s) involved. *Lee*, 152 Ill.2d at 447, 605 N.E.2d at 499, 178 Ill.Dec. at 705; *Kahn v. James Burton Co.*, 5 Ill.2d 614, 625, 126 N.E.2d 836, 841 (1955). Third, a landowner must use ordinary care "to those who are frequent trespassers in a limited area where the landowner knows or should know of their constant intrusion." *Lee*, 152 Ill.2d at 447, 605 N.E.2d at 499, 178 Ill.Dec.

---

**3.** Because the Court has jurisdiction over this matter based upon diversity jurisdiction, 28 U.S.C. § 1332(a), Illinois law, as the forum state, governs. *Bebout v. Norfolk & Western Ry. Co.*, 47 F.3d 876, 878 (7th Cir.1995); *DePaepe v. General Motors Corp.*, 33 F.3d 737, 744 (7th Cir.1994).

**4.** However, the distinction between the duty owed to invitees and to licensees has been abolished. 740 ILCS 130/2 (1995).

at 705; *Bernier v. Illinois Cent. R.R. Co.*, 296 Ill. 464, 471, 129 N.E. 747, 750 (Ill.1921); Restatement (Second) of Torts § 334 (1965).

▉ In the case *sub judice*, the first exception clearly does not apply because Defendant never discovered Plaintiff. Defendant's employees who were on the freight train at the time of Plaintiff's accident (Timothy Roach, Leon Craighead, Jerry Floyd, and Patrick Riley) all testified that they never saw or heard Plaintiff on or near the vicinity of the tracks on August 4, 1995. Furthermore, Plaintiff admitted Defendant's undisputed fact number 9 which stated: "It is undisputed that on August 4, 1995, none of the four crew members upon the N & W train saw or heard Charles Reid upon the railroad tracks." Thus, Defendant did not owe Plaintiff a heightened duty of care under the discovered trespasser exception.

▉ Likewise, the second exception does not apply. At the time of his accident, Plaintiff was nearly 16 years of age. Thus, he hardly qualifies as a small or a young child. Furthermore, although Plaintiff was a minor at the time of his accident, the Court cannot say that he was incapable of appreciating the risks involved in walking on or in the vicinity of railroad tracks. "Infants have no greater right than do adults to go upon the land of another. Their minority, in and of itself, imposes no duty upon an occupier of land to either expect them or prepare for their safety." *Mt. Zion Bank & Trust v. Consol. Communications, Inc.*, 169 Ill.2d 110, 116, 660 N.E.2d 863, 868, 214 Ill.Dec. 156, 161 (1995).

The Court is confident in the conclusion that Plaintiff could have and should have appreciated the risks involved in walking near railroad tracks. He had been warned both by his parents and in a seminar at his high school of the dangers involved in being in the vicinity of the railroad tracks. Moreover, both Plaintiff and his parents deemed him mature enough to have a paper route and to travel throughout Springfield unsupervised. Thus, based upon Plaintiff's age, abilities, and experience, the Court finds that Plaintiff was capable of appreciating the risks involved which allegedly led to his injuries. *Campbell v. Morine*, 223 Ill.App.3d 678, 683, 585 N.E.2d 1198, 1202, 166 Ill.Dec. 176, 180 (1992).

Finally, whether the so-called "permissive use" exception applies in Plaintiff's case is a closer question. Plaintiff has the burden of establishing that the permissive use exception is applicable to him. *Rodriguez*, 228 Ill.App.3d at 1040, 593 N.E.2d at 608, 170 Ill.Dec. at 719. Plaintiff states that Defendant had constructive notice/knowledge of the fact that people were constantly in the vicinity of and on the tracks between Fifth and Sixth Streets in Springfield, Illinois. Plaintiff has supported this claim by several affidavits from persons who work and live in the area.

Furthermore, Plaintiff cites to the deposition testimony of Jerry Floyd, Patrick Riley, and Timothy Roach who stated that they had occasionally seen adults and children on that stretch of railroad tracks. Therefore, Plaintiff argues that Defendant had constructive notice/knowledge of the fact that pedestrians regularly used the tracks between Fifth and Sixth Streets and that Defendant owed him a heightened duty of care based upon Defendant's permissive use of its property.

However, the Court finds that Plaintiff has not established that the permissive use exception is applicable to him. Illinois case law which has interpreted the permissive use exception has stated that the trespasser must enter the landowner's property in "a limited area." *Lee*, 152 Ill.2d at 446–47, 605 N.E.2d at 499, 178 Ill.Dec. at 705. Generally, when the permissive use exception has been applied, the limited area has been a path or a crossing used by the public for travel. "A typical case is the frequent use of a *'beaten path'* that crosses a railroad track, which is held to impose a duty of reasonable care as to the operation of trains." *Miller*, 207 Ill. App.3d at 155–56, 565 N.E.2d at 691, 152 Ill.Dec. at 158 (emphasis added).

For example, the Illinois Supreme Court has found the permissive use exception to be applicable where a retired railroad worker was struck by a train while walking on the railroad company's right of way along a well-traveled path used by the railroad company's employees and the public. *Morgan v. New*

*York Cent. R. Co.,* 327 Ill. 339, 158 N.E. 724 (1927). Likewise, the Fourth District has found that the exception applies where a trespasser was injured while walking along a well-trodden path used by the public, including school children, which was located on a railroad company's right of way. *McDaniels v. Terminal R. Ass'n of St. Louis,* 302 Ill. App. 332, 23 N.E.2d 785 (1939). Even the illustrations to the Restatement (Second) of Torts § 334 establish that the permissive use exception refers to a path for travel.[5] Illustration number three states: ."The A Railway Company has knowledge of the fact that the inhabitants of the town of X have so persistently used a part of the right of way parallel to its track as a means of reaching their homes that *they have worn a beaten path beside the track.*" (emphasis added). .

In the instant case, Plaintiff has not established a permissive use in a "limited area." Plaintiff does not allege that he was injured while using a path, crossing, or some other means of travel while on Defendant's property. Rather, the limited area alleged by Plaintiff is a city block, *i.e.* the stretch of railroad tracks between Fifth and Sixth Streets in Springfield, Illinois.

Plaintiff relies upon the affidavits of people who work and live in the area who stated that they have seen both adults and children on and in the vicinity of the tracks between Fifth and Sixth Streets as support for the exception. Plaintiff also cites that deposition testimony of Defendant's employees who testified that they have occasionally seen people on and near those tracks. However, Plaintiff has offered no evidence which would establish the "limited area" contemplated by the permissive use. exception. "A limited area" must be more narrow than a city block.

Furthermore, to qualify for the permissive use exception, the trespasser's use of the limited area must be of a sufficient duration of time as to put the landowner on notice of the use. As the Restatement (Second) of Torts § 334 states, the trespasser must "constantly intrude." In *McDaniels,* the testimony offered at trial established that the path

used by the injured trespasser was used on a daily basis for 20 years by adults and children. *McDaniels,* 302 Ill.App. at 345, 23 N.E.2d at 790.

In the instant case, Plaintiff has offered no evidence regarding the persistent or constant use of Defendant's right of way. Although Plaintiff has tendered proof of the public's presence on Defendant's property, Plaintiff has failed to establish a time frame or a duration of the public's use. Accordingly, the Court finds that the permissive use exception is inapplicable to Plaintiff.

Because Plaintiff was a trespasser upon Defendant's property and because none of the exceptions to the general rule apply, Defendant owed Plaintiff only a duty to refrain from willfully and wantonly injuring him. Defendant did not owe Plaintiff a duty of ordinary care as alleged in Count I of Plaintiff's second Amended Complaint. Accordingly, when taking all of the evidence in a light most favorable to Plaintiff, the Court finds that there are no genuine issues of material fact to be determined by the trier of fact and that Defendant is entitled to judgment as a matter of law on Count I of Plaintiff's second Amended Complaint.

### B. *COUNT II*

Count II of Plaintiff's second Amended Complaint alleges that Plaintiff was injured as a result of Defendant's willful and wanton misconduct. Willful and wanton misconduct is a reckless disregard for the safety of others after knowledge of the impending danger. *Miller,* 207 Ill.App.3d at 161, 565 N.E.2d at 694, 152 Ill.Dec. at 161. As the Illinois Supreme Court explained:

A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or careless-

---

5. The Illinois Supreme Court has cited the Restatement (Second) of Torts § 334 with approval and has found the permissive use exception to be

a long recognized rule in Illinois. *Lee,* 152 Ill.2d at 446–47, 605 N.E.2d at 499, 178 Ill.Dec. at 705.

ness when it could have been discovered by the exercise of ordinary care.

*Schneiderman v. Interstate Transit Lines, Inc.,* 394 Ill. 569, 583, 69 N.E.2d 293, 300 (1946). "[I]t is sufficient if [the defendant] had notice which would alert a reasonable man that substantial danger was involved, and that [the defendant] failed to take reasonable precautions under the circumstances." *Hering v. Hilton,* 12 Ill.2d 559, 564, 147 N.E.2d 311, 315 (Ill.1958); *Lynch v. Bd. Of Educ. of Collinsville Community Unit Dist. No. 10,* 82 Ill.2d 415, 429, 412 N.E.2d 447, 457, 45 Ill.Dec. 96, 106 (1980).

■ In the instant case, there is no genuine issue of material fact to be determined regarding Count II of Plaintiff's second Amended Complaint. Plaintiff admits that none of the four crew members saw or heard Plaintiff on the railroad tracks prior to the accident. See Defendant's statement of undisputed fact number 9. Because Defendant, through its employees, did not know of Plaintiff's presence on the tracks, Defendant could not have exhibited a reckless disregard for Plaintiff's safety.

Accordingly, when taking all of the evidence in a light most favorable to Plaintiff, the Court finds that there are no genuine issues of material fact to be determined by the trier of fact and that Defendant is entitled to judgment as a matter of law on Count II of Plaintiff's second Amended Complaint.

*Ergo,* Defendant's Motion for Summary Judgment as to Plaintiff's Second Amended Complaint is ALLOWED. Accordingly, summary judgment is entered in favor of Defendant and against Plaintiff as to both counts of Plaintiff's second Amended Complaint. Each party shall bear their own costs.