OPINION OF THE COURT
Edward M. Horey, J.
The defendants have moved for summary judgment in the action wherein the relevant facts are as follows:
On July 16, 1983, in the course of visiting his sister, the *875 plaintiff entered an above-ground pool which the sister had purchased two weeks earlier. He first engaged in giving swimming instructions to his children. Later, after observing a nephew dive from a platform through a large innertube into the pool, the plaintiff attempted to imitate the nephew’s maneuver. He made a shallow racing-type dive and following entry into the water was immediately rendered a quadraplegic. One or two Vi-inch paper "warnings” which had been located on the top edge of the pool distant from the diving platform had been so worn away by the water that they were illegible.
Central to the defendants’ motion for summary judgment is the question of whether or not two recent decisions of the Court of Appeals are applicable and dispositive of the issue presented. The two cases are, respectively, Boltax v Joy Day Camp (67 NY2d 617 [Jan. 14, 1986]) and Smith v Stark (67 NY2d 693 [Feb. 6, 1986]). For brevity they are hereinafter referred to as Boltax and Smith.
In Boltax and Smith, the Court of Appeals held under the facts presented in each case that an unfortunate and improvident dive into the shallow water of a pool was as a matter of law the proximate cause of the resulting injuries.
While concededly Boltax and Smith are parallel to the case at bar, this court is of the opinion that there are relevant differences which require that they be distinguished.
The basis for distinction lies in the facts presented and legal theories pleaded and pursued.
Touching on the facts first. In Boltax the water in the shallow end of the in-ground pool where the dive took place "came up only to his [the plaintiff’s] waist.” (67 NY2d 617, 618, supra.)
In Smith the dive in question took place in "the shallow end” of an in-ground pool where the plaintiff "saw several people standing in the pool.” (67 NY2d 693, 694, supra.)
In the case at bar there was a uniform depth in an above-ground pool of four feet of water.
The court turns now to the theories presented.
In Smith, the action proceeded primarily upon an assertion of the plaintiff that the defendant failed to provide depth markings on the pool. That defendant "was negligent in failing to place depth markers at appropriate locations around the pool or take other measures to apprise prospective users of *876 the comparative depth of the water.” (See, 67 NY2d 693, 694, supra.)
In Boltax the plaintiff also alleged the failure of the defendant to place adequate safety warnings of depth. In addition, it was alleged that the defendant maintained an improper water level and that a lifeguard chair was misplaced. (See, 67 NY2d 617, 618, supra.)
One cannot read the Boltax and Smith decisions and escape the conclusion that the basis of each decision was the determined abject carelessness of the plaintiffs in each instance in attempting to dive into an area of a pool when the plaintiffs knew or should have known that the shallowness in depth of the water would not permit such action.
"[PJlaintiff, an admittedly proficient swimmer and diver, knew or should have known of the risks and the foreseeable consequences of his voluntary acts” (Boltax v Joy Day Camp, supra, p 618).
"By virtue of plaintiffs general knowledge of pools, his observations prior to the accident, and plain common sense, plaintiff must have known that, if he dove into the pool, the area into which he dove contained shallow water.” (Smith v Stark, supra, p 694.)
It was on the quoted findings that our Court of Appeals concluded that the proximate cause of the plaintiffs injuries in both Boltax and Smith was the inattentive dives of the respective plaintiffs into water so shallow that the attempts were carelessness bordering on stupidity because of the open and obvious danger presented.
In marked contrast, the plaintiff in the instant action dove into water in an above-ground pool which had no shallow and deep end but contained water of a uniform depth of four feet. Clearly, the water in the instant case was deeper than that presented in the Boltax and Smith cases.
However, this court hastens to state that on the issue of proximate cause, as a matter of law, the line of demarcation is not in the inches of depth of the water. The distinction lies in the openness and obviousness of the danger that is present.
In the case at bar, the plaintiff adopts the theory advanced generally in Corbin v Coleco Indus. (748 F2d 411). He pleads the need for and the absence of adequate warnings of danger. He urges that though people are generally aware of the danger of diving into shallow water, they may nonetheless believe that there is a safe way to do it in four feet of water, *877 namely, by executing a flat shallow dive. (See, Corbin v Coleco Indus., supra, p 417.) That is precisely the fact situation presented in the case at bar. The plaintiff, fully cognizant that the water in the pool was four feet in depth, attempted a shallow dive sometimes referred to as a "racing dive”.
What the plaintiff urges here as did the plaintiff in Corbin v Coleco Indus. (supra) is that the belief that there exists a safe means of diving into an above-ground pool containing four feet of water is fiction and a myth. It is nonexistent. One making such dives cannot avoid substantive risk of serious and crippling injury contends the plaintiff.
More importantly the plaintiff contends that the fiction and myth was known to the defendant manufacturers of the pool but not known to the plaintiff.
In this connection the plaintiff points to an ever-increasing number of accidents all resulting in spinal cord injury causing quadraplegia or paraplegia from attempted dives in above-ground pools containing water four feet in depth. The evidence of the number of such type accidents is impressive. Plaintiff alleged them to be approximately 100 per year throughout the United States. Equally impressive is evidence of the knowledge of pool manufacturers of the increasing multiplicity of such accidents, e.g., plaintiff’s allegation that Home-N-Roam Leisures, Inc., one of the defendants in the case at bar, knew of 12 prior claims for similar injuries and had been sued for them on seven prior occasions.
It is the unknown danger on the part of the plaintiff and the known danger on the part of the defendants of the type and severity of injury from diving in four-foot pools that forms an integral part of the plaintiff’s complaint.
It may well be that the plaintiff in the case at bar knew or should have known of the possibility of injury of a sprained thumb, or scratches or contusions to face, chest and legs if he dove too deeply, but this court has grave doubt if he knew that a poorly executed dive had the possibility of rendering him a quadraplegic.
It is a theory of a known but concealed danger by the manufacturers that forms the real basis of the plaintiff’s action in the case at bar.
This court is not prepared to say as a matter of law, as it must if it follows the decisions in Boltax and Smith, that the plaintiff would know that his dive could not be done in a way that would avoid a substantial risk of severe injury.
*878 This court does not find as a matter of law that such dive constituted an unforeseeable superseding event as to absolve the defendants from liability. The facts presented preclude a finding as a matter of law that the plaintiffs dive was the proximate cause of his injury. That is precisely the view recently taken by the Third Department where it found facts dissimilar to those in Boltax and Smith. (See, Searles v Town of Horicon, 116 AD2d 93 [3d Dept, Mar. 27, 1986]; see also, Corbin v Coleco Indus., 748 F2d 411, supra.)
In the opinion of this court the instant case should be likened to Micallef v Miehle Co., Div. of Miehle-Goss Dexter (39 NY2d 376) and the principles of law there set forth. Reasonable care should be determined by a balancing of the likelihood and potential gravity of harm against the burden of effective precaution. Particularly appropriate to the case at bar was the quotation with approval by our Court of Appeals of the statement of Professors Harper and James (2 Harper & Jones, Torts § 28.5), viz., " 'The bottom does not logically drop out of a negligence case against the maker when it is shown that the purchaser knew of the dangerous condition. Thus, if the product is a carrot-topping machine with exposed moving parts, or an electric clothes wringer dangerous to the limbs of the operator, and if it would be feasible for the maker of the product to install a guard or safety release, it should be a question for the jury whether reasonable care demanded such a precaution though its absence is obvious. Surely reasonable men might find here a great danger, even to one who knew the condition; and since it was so readily available they might find the maker negligent’ ” (39 NY2d, at p 384).
Whether or not the plaintiff will be successful upon trial is not the issue for resolution on a motion for summary judgment. It is sufficient that there is presented a relevant and material issue of fact. Since that has been done, the motion for summary judgment by the defendants is denied. Other less critical issues raised by some of the defendants will be treated in a separate decision.