TIMM FORD, Plaintiff-Appellant, v. MABLE A. WILSON *et al.*, Defendants (First Mall Management Corporation, Defendant-Appellee).

Third District   No. 3—88—0375

Opinion filed May 8, 1989.—Modified opinion filed June 16, 1989.—
Rehearing denied June 19, 1989.

John A. Slevin, of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellant.

D. Kendall Griffith and Gerald Haberkorn, both of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, and Brian P. Thielen, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Bloomington, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Timm Ford, brought a negligence action against the defendants, Mable A. Wilson, Bettye E. Munson, La Salle National Bank, and First Mall Management Corporation. The defendant First Mall Management Corporation (First Mall) filed a motion to dismiss the plaintiff's amended complaint as it related to First Mall. The trial court granted the motion. The plaintiff appeals.

The plaintiff's amended complaint alleged the following. On July 16, 1980, the 13-year-old plaintiff was riding his bicycle to Sandburg Mall, a large shopping complex managed by First Mall. The mall was surrounded by a large parking lot, with a road circling the outer edge of the lot. A two- to three-foot-high cable fence ran outside the road. An opening in the fence served as an entrance to the mall property from a bike path located on property adjacent to the mall. Children

around the plaintiff's age frequently rode their bicycles from a nearby residential neighborhood to the mall over this bike path. At the point where the bike path entered the mall property, weeds, brush, and shrubs on the adjacent vacant lot had grown to a height of approximately five to six feet. Due to the vegetation, drivers on the road circling the mall could not see children riding their bicycles from the bike path to the mall parking lot. As the plaintiff rode his bike from the bike path to the mall property, he was hit by a car on the road.

The plaintiff sued the driver of the car, the owners of the adjacent lot, the owner of the mall, and First Mall. The plaintiff settled with all of the parties except First Mall. The trial court dismissed count III of the plaintiff's complaint, which related to First Mall.

The issue on appeal is whether the trial court properly dismissed the plaintiff's complaint for failure to state a cause of action against First Mall. First Mall moved to dismiss the complaint on the bases that the plaintiff had failed to establish that it had a duty to protect him from the obvious dangers of a roadway and that the plaintiff's complaint failed to allege the existence of any hazardous condition which would support a negligence action under Illinois law. The trial court agreed and granted the defendant's motion.

■ A motion to dismiss accepts as true all well-pleaded facts and should be granted only when it appears that no set of facts could be proved which would entitle the plaintiff to recover. (*Willard v. Northwest National Bank* (1985), 137 Ill. App. 3d 255, 484 N.E.2d 823.) It is fundamental that there can be no recovery in tort unless the defendant has breached a duty owed to the plaintiff. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 456 N.E.2d 116.) The duty issue is a question of law for the court's determination. *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.

■ Generally, the owners or occupiers of land are under no duty to keep their premises in any particular state or condition to promote the safety of persons who come upon the premises without express or implied invitation. (*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.) An exception exists, however, where: (1) the owner or person in possession knows or should know that young children habitually frequent the premises; (2) a dangerous condition is present on the land; (3) the dangerous condition is one that is likely to cause injury to the children because they, by reason of their immaturity, are incapable of appreciating the risk involved; and (4) the expense or inconvenience of remedying the condition is slight compared with the risk to the children. (*Kahn*, 5 Ill. 2d at 625, 126 N.E.2d at

842.) In such cases, there is a duty upon the owner or person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. (*Kahn*, 5 Ill. 2d at 625, 126 N.E.2d at 842.) Foreseeability of harm to children is the cornerstone of liability. *Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180.

■ First Mall concedes for purposes of the motion to dismiss that it knew children used the path to gain access to the mall. Regarding whether the intersection of the roadway and the bicycle path presented a dangerous condition, we note that a dangerous condition is one which is likely to cause injury to the general class of children who by reason of their immaturity might be incapable of appreciating the risk involved. (*Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180.) If the condition complained of presents obvious risks which children would be expected to appreciate and avoid, there is no duty to remedy that condition. *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023.

■ According to the instant allegations, the bike path went through the vacant lot, which was overgrown with weeds, brush, and shrubs to a height of about five to six feet. The path ended where the vacant lot met the edge of the mall property. Although there was a two- or three-foot-high fence along the mall property, there was an opening in the fence. This opening provided children with a fast and easy entrance to the mall and served as an invitation to children to use this short cut. The presence of cyclists on the path was not apparent to the motorists traveling on the perimeter road of the parking lot, nor was it apparent to the cyclists when cars were traveling on this road. Accepting these well-pleaded facts as true for purposes of the motion to dismiss, we conclude that a reasonable person could find that the intersection of the bike path and the roadway could constitute a dangerous condition which was not obvious to children. Moreover, the cost of remedying this condition would be slight compared with the risk it posed to children. We therefore reverse the order of the trial court granting the defendant's motion to dismiss and remand the cause for further proceedings.

The judgment of the circuit court of Knox County granting the defendant's motion to dismiss is reversed and the cause is remanded.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.