THOMAS S. DOWEN, Plaintiff-Appellant, v. THOMAS E. HALL et al., Defendants-Appellees.

First District (4th Division)   No. 1—87—1321

Opinion filed November 9, 1989.—Rehearing denied January 9, 1990.

Joseph Michael O'Callaghan, of Chicago, for appellant.

Stephen E. Sward, of Rooks, Pitts & Poust, Kiesler & Berman, and Victor J. Piekarski, Ellyn B. Dorf, and Michael Resis, all of Querrey & Harrow, Ltd., all of Chicago (John R. Garofalo and David J. Kiesler, of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Thomas Dowen (plaintiff) appeals from the trial court's entry of summary judgment in favor of defendants Thomas E. Hall and others (defendants). Plaintiff maintained that defendants had been either negligent or wilful and wanton in their failure to warn him of the risk that he might sustain a paralyzing spinal cord injury if he attempted a flat dive into the shallow water off a pier, allegedly owned by defendants, that extended into a natural lake. Because we conclude that an attempt to execute a flat dive into the uncertain depths of muddy lake waters presents an open and obvious danger of

paralysis to a reasonable adult of plaintiff's age and experience, we find that, as a matter of law, defendants owed plaintiff no duty under the facts of this case. Accordingly, we affirm the trial court's ruling.

The following uncontradicted facts derive from the pleadings and the excerpts of deposition testimony submitted by defendants in support of their summary judgment motions. Plaintiff was 23 years old when he was injured on June 6, 1981, by diving off defendants' pier into Fox Lake. Some of the defendants owned a cottage on the lake and had invited plaintiff to spend a weekend there with them. The lake bottom was basically muck and sand at the time of plaintiff's injury, and the lake water was muddy so that plaintiff could not see the bottom of the lake more than three feet from the shoreline.

Plaintiff had never been to the defendants' cottage before the injury. Because the cottage was located on an island, plaintiff and his companions, including some of the defendants' college-age children, were picked up at a marina and transferred by boat to the island in order to reach the cottage. They were transported by an 18-foot runabout-type boat and were delivered to the pier of defendants' cottage. The pier extended about 100 feet from the shoreline into the lake. Plaintiff could not see the bottom of the lake as he stepped out of the boat onto the pier.

Plaintiff and his companions went directly to defendants' cottage, where they ate dinner and socialized for approximately 2½ hours. Plaintiff and some of the group then went to the mainland for approximately two hours, returning to the cottage between 12:30 and 1 a.m. Plaintiff stayed in the cottage for approximately half an hour, and then decided to go swimming. He walked to the pier along an unlighted path. When he reached the pier, he heard some of his companions in the water. There were no lights on the pier, and no appreciable moonlight. There were no signs posted relating to the depth of the water or relating to diving off the pier. Plaintiff did not know how deep the water was off the pier, although he estimated that it was approximately four feet deep. At no time during the evening had any of his companions, which included some of the defendants, warned him about the depth of the water or the danger of diving off the pier, although defendants had so warned other guests in the past.

As plaintiff approached the edge of the pier, he could see figures in the water. He noticed a female swimmer, and a male figure who appeared to be either standing in the water or hanging onto the pier. Plaintiff trotted down the pier, took a few running steps, and attempted a shallow dive, *i.e.*, a head-first dive horizontally into the water with his hands and arms extended in front of his head. He did not

trip on the pier or lose his balance in executing the dive. Immediately after plaintiff entered the water, he felt his head hit the bottom of the lake. He is now permanently paralyzed from the accident.

At the time of the dive, the lake was approximately three feet four inches to three feet six inches deep at the end of the pier. The defendants were aware of this water depth at the time of the injury, and knew that this depth was approximately four to six inches more shallow than normal.

Plaintiff had executed many flat dives into the shallow ends of swimming pools prior to the incident, and he had seen many other people do the same. He was also acquainted with swimming in natural lakes and knew that their depths varied, that some are shallow, and that not all lakes are the same depth 100 feet from shore. Plaintiff decided to attempt a flat dive into the lake in order to avoid hitting the bottom of the lake. He had never seen anyone injured from executing a flat dive into a shallow body of water and was not aware that a person could suffer paralysis or a spinal cord injury from such a dive.

Plaintiff filed a complaint against the defendants alleging that he was an invitee on the property and that defendants' failure to warn him of the danger of executing a flat dive off the end of the pier amounted to negligence (count I). Plaintiff also alleged that he was a licensee on the property and that the defendants' failure to warn amounted to wilful and wanton misconduct (count II). The trial court entered summary judgment in favor of defendants with respect to both counts of plaintiff's complaint, and he appeals.

■ Initially we conclude that the trial court properly entered summary judgment in defendants' favor on count I of plaintiff's complaint, in which plaintiff alleged that he was an invitee upon the defendants' property. A social guest is not an invitee, but is instead a licensee. (*Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 379, 410 N.E.2d 21.) Plaintiff's deposition testimony reveals that plaintiff was invited upon defendants' property as a social guest. As a result, plaintiff was not an invitee upon the defendants' property. Contrary to plaintiff's argument, *Grimwood v. Tabor Grain Co.* (1985), 130 Ill. App. 3d 708, 710, 474 N.E.2d 920, did not establish a different rule than that set forth by the Illinois Supreme Court in *Pashinian*. Plaintiff's argument that the court should abolish the distinction between invitees and licensees was considered and rejected by the Illinois Supreme Court in *Pashinian v. Haritonoff* (1980), 81 Ill. 2d 377, 379, 410 N.E.2d 21.

■ A person who is invited upon the private land of another as a

social guest is deemed a licensee. (*Pashinian*, 81 Ill. 2d 377, 410 N.E.2d 21.) A landowner owes a licensee only the limited duty to warn the licensee of concealed defects that are known to the owner, and his failure to do so constitutes wilful and wanton misconduct. (See, *e.g.*, *Northrup v. Allister Construction Co.* (1987), 163 Ill. App. 3d 221, 223-24, 516 N.E.2d 586; *O'Donnell v. Electro-Motive Division of the General Motors Corp.* (1986), 148 Ill. App. 3d 627, 632-33, 499 N.E.2d 608; *Zimring v. Wendrow* (1985), 137 Ill. App. 3d 847, 853, 485 N.E.2d 478; *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 943, 453 N.E.2d 1133.) Thus, a "licensee must avoid open or obvious danger at his peril." (*Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1100, 1103, 495 N.E.2d 679.) Summary judgment is properly entered in favor of a defendant landowner when the undisputed facts of record, in conjunction with the reasonable inferences drawn therefrom, establish as a matter of law that the defendant owed no duty to the plaintiff because the danger causing the plaintiff's injury was not concealed, but was open and obvious. See, *e.g.*, *Northrup v. Allister Construction Co.* (1987), 163 Ill. App. 3d 221, 225, 516 N.E.2d 586.

■ In our view, the instant facts and the reasonable inferences which may be drawn from them demonstrate as a matter of law that the danger of paralysis resulting from a flat dive off a pier into muddy waters of uncertain depth in a natural lake is open and obvious to a reasonable adult. As plaintiff himself was aware, natural lakes are of uneven depth at various points, and the muddy waters of a lake prevent a person from discerning the depth of the water. Thus a reasonable adult in plaintiff's position would recognize that an attempt to execute a head-first flat dive into the lake, without prior awareness of the depth of the waters, might result in severe injury from hitting one's head on the lake bottom. The record here shows that plaintiff realized the importance of entering the water in such a way that he would avoid hitting his head on the lake bottom. Plaintiff argues that all reasonable adults believe a flat dive into shallow waters will not cause head injuries leading to paralysis. We disagree. In our view, the risk of paralysis from executing a flat dive from the pier into the uncertain depths of the natural lake was open and obvious in the instant case. Because the risk was open and obvious, defendants had no duty to warn plaintiff of that risk in the case at bar.

The decision by the Wisconsin Supreme Court in *Scheeler v. Bahr* (1969), 41 Wis. 2d 473, 164 N.W.2d 310, supports our conclusion. In *Scheeler*, the plaintiff had been invited to defendant's lakefront cottage as a guest for recreational purposes. The plaintiff had never

been to the cottage or the lake previously and suffered paralyzing injuries when he dove from a pier 70 feet from shore into murky water that was approximately three feet deep. In concluding that the trial court properly dismissed the complaint, the supreme court reasoned, "In the instant case, where the obvious, roiled, and muddy condition of the water made it impossible for a licensee to reasonably estimate the depth of the water, the observation of these conditions constituted notice that a potential hazard existed to one who wished to use the lake at that place for swimming or diving." (41 Wis. 2d at 480, 164 N.W.2d at 313.) On this basis, the court determined that "despite the allegation of the complaint that he was unaware of the danger, *** as a matter of law the plaintiff must be held to knowledge and appreciation of the risk likely to be encountered by plunging head first into the unplumbed depths of the murky lake." 41 Wis. 2d at 480, 164 N.W.2d at 313.

Contrary to plaintiff's argument, *Scheeler* is not of questionable validity in light of the subsequent decision of *Gould v. Allstar Insurance Co.* (1973), 59 Wis. 2d 355, 208 N.W.2d 388. In that case, the court distinguished *Scheeler*, which involved the duty of a landowner to a licensee. The facts of *Gould*, in contrast, were controlled by Wisconsin's "safe place" statute, which imposed a duty upon a landowner to keep the premises "as free from danger as the nature of the place would reasonably permit" without regard to the plaintiff's status as a licensee. (59 Wis. 2d at 361, 208 N.W.2d at 392.) *Le Poidevin v. Wilson* (1983), 111 Wis. 2d 116, 330 N.W.2d 555, also did not overrule *Scheeler*, since the issue in *Le Poidevin* did not pertain to whether the landowner failed to warn of a concealed danger in the lake waters.

The case of *Clark v. Lumbermans Mutual Insurance Co.* (Fla. App. 1985), 465 So. 2d 552, also supports our decision that defendants owed plaintiff no duty to warn him in the case at bar. In *Clark*, the 21-year-old plaintiff, who was a good swimmer, sustained paralyzing injuries when he attempted to execute a flat dive from a shoreline into what the plaintiff estimated was approximately four feet of water. In concluding that the defendants had not breached a duty to warn the plaintiff under ordinary negligence principles, the court reasoned that the lake contained no "hidden danger" because plaintiff was "well aware of its relatively shallow depth [citation] [and] *** was aware of the danger of diving into shallow water." (465 So. 2d at 555.) The court concluded that there was no "harmful condition" in the waters "since the 'harmful condition' was in fact obvious to [plaintiff], who indisputably possessed sufficient maturity to appreciate the danger." (465 So. 2d at 555.) See also *Smith v. City & County of Den-*

*ver* (Colo. 1986), 726 P.2d 1125 (*en banc*) (risk of paraplegia from diving off boulders into river is readily apparent danger of which property owner has no duty to warn); *Markowitz v. Arizona Parks Board* (Ariz. App. 1984), 705 P.2d 937 (danger of diving off cliff into waters of unknown depth open and obvious); *Switzer v. Dye* (Fla. App. 1965), 177 So. 2d 539 (under attractive nuisance doctrine, danger of paralysis from diving off pier into natural lake open and obvious to reasonable 12-year-old child).

The cases cited by plaintiff to support his argument that defendants owed him a duty to warn of the dangers of diving off the pier are distinguishable from the case at bar. None of the cases to which plaintiff refers involves an adult licensee who chose to dive head first into a body of natural water of uncertain depth. *Ford v. Wilson* (1989), 184 Ill. App. 3d 374, 540 N.E.2d 1, *Leonard v. Pitstick Dairy Lake & Park, Inc.* (1984), 124 Ill. App. 3d 580, 464 N.E.2d 644, and *Bartlett v. Heersche* (Kan. 1969), 462 P.2d 763, involved a landowner's duty under ordinary negligence principles to protect children from foreseeable injuries not open and obvious to the children. *Deibert v. Bauer Brothers Construction Co., Inc.* (1989), 188 Ill. App. 3d 108, and *O'Rourke v. Oehler* (1989), 187 Ill. App. 3d 572, involved a landowner's duty under ordinary negligence principles to protect adult invitees from foreseeable injuries, regardless of whether the danger was open and obvious to the invitee. *Corbin v. Coleco Industries, Inc.* (7th Cir. 1984), 748 F.2d 411, and *Howard v. Poseiden Pools, Inc.* (1986), 133 Misc. 2d 874, 508 N.Y.S.2d 834, pertained to a manufacturer's strict product liability with respect to its duty to protect against injuries from use of swimming pools. *Miller v. United States* (7th Cir. 1979), 597 F.2d 614, involved government landowner liability under a specific "safe premises" statute that imposed a duty under ordinary negligence principles, and the court determined, without considering the question of open and obvious danger, that the landowner committed acts of ordinary negligence when the landowner failed to adhere to its own safety procedures requiring the posting of "no swimming or diving" signs. The case at bar, in contrast, involves a private landowner's duty to refrain from wilful and wanton misconduct resulting from an alleged failure to warn of known dangers on the premises. The landowner in the instant case claims no duty to warn because the danger was open and obvious. *Davis v. United States* (7th Cir. 1983), 716 F.2d 418, *Stephens v. United States* (C.D. Ill. 1979), 472 F. Supp. 998, and *Skaggs v. Junis* (1960), 27 Ill. App. 2d 251, 190 N.E.2d 731, are factually inapposite, because the landowners' liability in those cases was premised on their failure to warn of a concealed danger—

submerged objects in the water of which the landowners had prior knowledge. *Skaggs* also involved the issue of foreseeability of injury to a child, as did *Hendricks v. Peabody Coal Co.* (1969), 115 Ill. App. 2d 35, 253 N.E.2d 56, and *Hanson v. Christensen* (Minn. 1966), 145 N.W.2d 868. The cases of *Melendres v. Soales* (1981), 105 Mich. App. 73, 306 N.W.2d 399, and *Radloff v. State* (1982), 116 Mich. App. 745, 323 N.W.2d 541, involved the intentional nuisance doctrine, where a landowner created artificial hazards which should have been corrected or brought to the attention of their invitees. The court in *Hager v. Etting* (Penn. 1979), 408 A.2d 856, did not consider whether the danger of diving from a pier into a natural lake was an open and obvious danger. Lastly, the landowner's liability in negligence for failure to keep premises in reasonably safe condition for invitees who were using a diving board to enter a swimming pool was at issue in *Pleasant v. Blue Mound Swim Club* (1970), 128 Ill. App. 2d 277, 262 N.E.2d 107, *City of Fort Worth v. Barlow* (Tex. App. 1958), 313 S.W.2d 906, and *Gray v. Briggs* (1932), 259 Mich. 440, 243 N.W. 254.

■ We also do not agree with plaintiff's assertion that the "combination" of defendants' pier with the shallow water of the natural lake changed the obvious nature of the risks associated with diving into the lake. In our view, defendants' pier did not create a "new risk" which plaintiff was incapable of appreciating. The risk of striking the bottom of the lake during the dive existed with or without the pier. See *Scheeler v. Bahr* (1969), 41 Wis. 2d 473, 164 N.W.2d 310; *Clark v. Lumbermans Mutual Insurance Co.* (Fla. App. 1985), 465 So. 2d 552.

■ Plaintiff further maintains that this court should apply the principles of the Premises Liability Act (Ill. Rev. Stat. 1987, ch. 80, pars. 301 *et seq.*) to the case at bar, although plaintiff acknowledges that the Act does not apply retroactively to the instant cause since plaintiff's accident occurred before the effective date of the statute. (See *Northrup v. Allister Construction Co.* (1987), 163 Ill. App. 3d 221, 222, 516 N.E.2d 586; *Cerniglia v. Ferris* (1987), 160 Ill. App. 3d 568, 575, 514 N.E.2d 792; *O'Donnell v. Electro-Motive Division of the General Motors Corp.* (1986), 148 Ill. App. 3d 627, 632-33, 499 N.E.2d 608 (Act cannot be applied retroactively).) We decline plaintiff's invitation to apply the Act retroactively *sub silentio* in the case at bar.

■ Plaintiff also argues that the defendants bore a greater duty of care because his injuries occurred in the lake and the lake was not defendants' property. Where the use of adjacent land is reasonably incident to the use of the landowner's property, the landowner's degree of care with respect to the adjacent property is the same as the de-

gree of care owed by the landowner with respect to his own property. (See, *e.g., Harris v. Union Stockyard & Transit Co.* (1975), 29 Ill. App. 3d 1072, 331 N.E.2d 182; *Seipp v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 852, 299 N.E.2d 330.) Applying this principle to the case at bar, defendants owed plaintiff the same standard of care (*i.e.*, that owed to a licensee) with respect to plaintiff's use of both the lake and the pier, since his use of the lake was reasonably incidental to the use of the defendants' pier.

For the reasons stated, we conclude that defendants owed no duty to plaintiff, their licensee, to warn of a danger that was open and obvious. Accordingly, we do not consider the parties' remaining arguments.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.