TIMOTHY SCHELLENBERG, a Minor, by his Father and Next Friend, Robert Schellenberg, Plaintiff-Appellant, v. WINNETKA PARK DISTRICT, Defendant-Appellee.

First District (3rd Division)   No. 1—90—1081

Opinion filed June 17, 1992.

Cooney & Conway, of Chicago (Robert J. Cooney, Jr., of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, James O. Nolan, and Edward M. Kay, of counsel), for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, 15-year-old Timothy Schellenberg, appeals from the circuit court's entry of summary judgment in favor of defendant, Winnetka Park District, in a negligence action.

Plaintiff's sole theory on appeal is that summary judgment was not proper because genuine issues of material fact exist as to whether or not defendant's duty to exercise reasonable care encompassed a duty to warn minors of the danger of shallow water diving under the circumstances of this case.

On appeal, plaintiff asserts that summary judgment was not proper because he did not appreciate the risk involved in diving, defendant had a duty to warn minors of the danger of shallow water diving, and the issue as to his appreciation of the danger was a question of fact to be determined at trial.

We agree with plaintiff because of plaintiff's minority and reverse the order of the circuit court granting summary judgment for defendant.

On August 3, 1983, at the Tower Road Beach in Winnetka, 15-year-old plaintiff dove into the water from a standing position in the water, hit his forehead on the sandy bottom of the lake and suffered a spinal cord injury which rendered him a quadriplegic. Defendant owned and operated Tower Road Beach.

In his deposition, which was attached to the motion for summary judgment, plaintiff testified that he entered into the water from the shoreline by running three to four steps, putting his arms in front of his head, and performing a surface dive, *i.e.*, staying on or near the surface of the water upon entry. Plaintiff believed there was no risk in making a surface dive in shallow water but understood that if he went under the water instead of on the surface, he could get injured. Plaintiff did not know what caused him to go under the water. Prior to the day of his accident, plaintiff had been to the Tower Road Beach about five times in his entire life and he normally swam at the Glencoe beach. Plaintiff described himself as an average swimmer and diver, stating "I wasn't bad, I wasn't good."

Plaintiff first learned to swim at age five or six at a YMCA. In sixth grade, plaintiff attended a swimming program at a day camp and received some diving instructions. Plaintiff sporadically participated in swimming and diving activities during junior high school and his first two years in high school. Plaintiff recalled seeing a 60 Minutes show about people in Florida getting injured when they dove off a diving board into pools with shallow water but believed that bouncing on a diving board differed from just diving into water. Plaintiff felt there was no risk and no danger at all in making the surface dive into shallow water.

Plaintiff's expert, Dr. Alan Caskey, testified in his deposition that defendant was negligent in not prohibiting and preventing the run-

and-plunge dive. The run-and-plunge activity, according to Dr. Caskey, is not a safe practice for the general public because they do not know how little force it takes to incur a spinal injury. Dr. Caskey opined that defendant should have been aware of the frequency of serious injury from the run-and-plunge dive into a natural body of water, posted signs banning this dive, and trained its lifeguards to stop persons from engaging in this activity.

Defendant's director of parks and recreation, Daniel Newport, testified that there were not any "no diving" signs at Tower Road Beach because there was nothing to dive off, such as a pier or a side of a pool. Mr. Newport described plaintiff's maneuver into the water as body surfing which was, and continues to be, a very common and permitted practice at the beach. Mr. Newport was not aware of any danger associated with a body surf entry into shallow water.

During the time of plaintiff's accident, defendant employed Richard Kehoe as its lakefront manager who supervised the personnel including the lifeguards. Mr. Kehoe's deposition testimony essentially mirrored the testimony given by Mr. Newport. Mr. Kehoe also testified that there were no rules about running into the water and that the lifeguards were not instructed to prevent or dissuade beach patrons from making body surf entries into the water. Mr. Kehoe described the Tower Road Beach as the most crowded beach and primarily a "young kids' beach."

The circuit court granted defendant's motion for summary judgment, relying on *Dowen v. Hall* (1989), 191 Ill. App. 3d 903, 548 N.E.2d 346, which affirmed the entry of summary judgment in favor of the defendant landowners where an adult plaintiff sustained a paralyzing spinal cord injury after attempting a flat dive off a pier into the shallow water of a natural lake. The *Dowen* court concluded that, as a matter of law, the risk of paralysis from executing a flat dive off the pier into the uncertain depths of the lake was open and obvious and thus defendant landowners owed no duty to the plaintiff licensee to warn of the danger. *Dowen* also provided that the risk was open and obvious even without the presence of a pier although the court was clear that a different result would have obtained for a minor plaintiff.

In response, defendant contends that summary judgment was appropriate because the danger was obvious and plaintiff understood the risk.

The conduct to be considered in the instant case is a common sight on beaches everywhere and within the general experience of

those who have engaged in swimming activities at beaches. Plaintiff entered the water from a standing position and made a surface dive.

Plaintiff contends that the decisions in *Leonard v. Pitstick Dairy Lake & Park, Inc.* (1984), 124 Ill. App. 3d 580, 464 N.E.2d 644 (*Leonard I*), and *Leonard v. Pitstick Dairy Lake & Park, Inc.* (1990), 202 Ill. App. 3d 817, 560 N.E.2d 467 (*Leonard II*), support a reversal of the summary judgment in the present case. We agree.

Like plaintiff in the present case, the 15-year-old plaintiff in the *Leonard* cases was rendered a quadriplegic from spinal cord injuries incurred after performing a dive from the shoreline into the shallow water of a commercial beach. Like defendant in the present case, the *Leonard* defendant was the owner and operator of the beach. The case was tried on the same negligence theories which are alleged by the present plaintiff, *i.e,* that the defendant landowner was negligent in permitting young persons to perform surface dives in shallow water and in failing to post signs warning of the danger. Leonard appealed from a jury verdict entered for the defendant.

On appeal, the court in *Leonard I* held that the trial court committed reversible error in excluding the opinion of plaintiff's expert that the unique characteristics of teenage boys made surface diving an unsafe practice in the shallow area of a beach and that the accident could have been prevented if warning signs had been posted and if the lifeguards had been instructed to prohibit diving in shallow water. The court reasoned:

> "[T]he danger of diving head first into shallow water may seem at first glance to be a matter of common knowledge and understanding for which expert opinion is not needed. However, closer examination of the evidence indicates that the nature and extent of the danger of surface or horizontal diving by teenagers in all probability is not commonly understood, even by many adults of considerable experience." *Leonard*, 124 Ill. App. 3d at 586.

The court further found that the age of the 15-year-old plaintiff at the time of the accident was an important factor because "[i]t was precisely the unique characteristics of teenage boys, newly grown taller and heavier and stronger, that in [the expert's] opinion made surface diving an unsafe practice in the shallow area of defendant's beach." *Leonard*, 124 Ill. App. 3d at 587.

After a retrial, the court in *Leonard II*[1] reiterated its finding in *Leonard I* that "the law in Illinois requires adults to use extra care and additional vigilance where the safety of minors is involved as compared to the care required for the safety of adults." *Leonard*, 202 Ill. App. 3d at 825-26.

Contrary to defendant's assertion that the thoughtfully written *Dowen* case mandates the entry of summary judgment, we find *Dowen* distinguishable. (*Dowen*, 191 Ill. App. 3d 903, 548 N.E.2d 346.) The 23-year-old plaintiff in *Dowen* became permanently paralyzed when, sometime after midnight, he dove off a pier which extended about 100 feet from the shoreline into a muddy lake. The *Dowen* court concluded that "an attempt to execute a flat dive into the uncertain depths of muddy lake waters presents an open and obvious danger of paralysis to a reasonable adult of plaintiff's age and experience" and thus, "as a matter of law, defendants owed plaintiff no duty under the facts of this case." *Dowen*, 191 Ill. App. 3d at 904-05.

Plaintiff in the present case is a minor while the *Dowen* plaintiff is an adult. The present case involves a municipal defendant who supervised the public beach where the accident occurred while the defendant in *Dowen* is a private landowner who owes a licensee only the limited duty to warn of concealed defects that are known to the owner. The court in *Dowen* expressly recognized that *Leonard I* was inapposite because it "involved a landowner's duty under ordinary negligence principles to protect children from foreseeable injuries not open and obvious to the children." *Dowen*, 191 Ill. App. 3d at 909.

■ As recognized in the *Dowen* and *Leonard* decisions, the law affords special protection for children in certain cases. Even where the children are trespassers, a landowner bears a duty to protect them from injury due to a dangerous, nonobvious condition. (*Ford v. Wilson* (1989), 184 Ill. App. 3d 374, 540 N.E.2d 1.) In *Ford*, a 13-year-old plaintiff, while riding a bicycle from a bike path into a parking lot of a shopping center, was hit by a car on the road which encircled the mall. The *Ford* court concluded that the intersection of a bike path and a roadway adjacent to a shopping mall could constitute a dangerous condition which was not obvious to children. In its discussion of the *Ford* case, the *Leonard II* court found, and we agree, that "[i]f a landowner is responsible for preventing foreseeable harm to children who trespass upon the owners' property, surely the owner

---

[1] In the trials which preceded the decisions in both *Leonard I* and *Leonard II*, the juries returned verdicts for the defendant.

must be even more responsible in the case of a minor invited to purchase a ticket and to swim at the owner's public recreational beach facility." *Leonard*, 202 Ill. App. 3d at 827.

The additional cases defendant cites (*Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 564 N.E.2d 778; *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 585 N.E.2d 1164; *Hagy v. McHenry County Conservation District* (1989), 190 Ill. App. 3d 833, 546 N.E.2d 77) are also factually distinguishable. The diving at issue in *Hagy* was a headfirst vertical dive from an embankment of 8 to 12 feet in height into a muddy creek of uncertain depth which the defendant district had not developed as a recreational area. The *Hagy* court specifically recognized that the diving considered in *Leonard*, *i.e.*, surface diving in shallow water at a commercial lake, was quite a different activity.

In *Shull*, an eight-year-old boy injured his hand while swinging on a sliding gate of a fence that surrounded the defendant township's storage yard. The *Shull* court found that, as a matter of law, the gate was not a dangerous condition from which the township had to protect children of the plaintiff's age and maturity but rather posed an obvious risk of injury. *Shull*, 223 Ill. App. 3d at 829.

In *Logan*, a boy was injured when he fell out of a tree and into the water. The *Logan* court concluded that the risk of falling out of a tree, not diving, was an obvious danger which the plaintiff was reasonably expected to understand and thus the defendants had no legal duty. *Logan*, 139 Ill. 2d at 241; see also *Barrett v. Forest Preserve District* (1992), 228 Ill. App. 3d 975.

The purpose of warning is to apprise a person of the existence of a danger of which he is not aware. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80.) Thus, a duty to warn arises where the existence of a dangerous condition is known or could have been known, and it is not apparent to the other party. (*Pitler v. Michael Reese Hospital* (1980), 92 Ill. App. 3d 739, 415 N.E.2d 1255.) " 'A duty to warn exists where there is unequal knowledge, actual or constructive [of a dangerous condition], and the defendant possessed of such knowledge, knows or should know that harm might or could occur if no warning is given.' " (*Pitler*, 92 Ill. App. 3d at 745, quoting *Kirby v. General Paving Co.* (1967), 86 Ill. App. 2d 453, 457, 229 N.E.2d 777.) The duty to warn coexists with the corresponding liability for the hazards of the condition if no warning is given. (*Chisolm*, 47 Ill. App. 3d 999, 365 N.E.2d 80.) Accordingly, whether a plaintiff was aware of the risk at issue and whether a defendant knew or should have known of the danger must be considered by the trier of fact.

■ Conversely, a landowner has no duty to warn a person of a risk that is open and obvious. (*Dowen*, 191 Ill. App. 3d 903, 548 N.E.2d 346.) The Illinois Supreme Court has specifically recognized three risks as being obvious to children, *i.e.*, water, fire, or falling from a height. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 383 N.E.2d 177.) Any child of an age to be allowed at large is expected to appreciate an obvious and open danger. *Corcoran*, 73 Ill. 2d at 327.

The obvious risk as applied to most cases involving water is the danger of drowning. *Cope*, 102 Ill. 2d 278, 464 N.E.2d 1023; *Old Second National Bank v. Aurora Township* (1987), 156 Ill. App. 3d 62, 509 N.E.2d 692 (the danger of drowning by inner tubing on fast-moving floodwater in a ditch presented an obvious risk which the 14-year-old decedent could not have failed to appreciate); *Durham v. Forest Preserve District* (1986), 152 Ill. App. 3d 472, 504 N.E.2d 899 (defendant, as a matter of law, owed no duty to the 16-year-old decedent who drowned because the retention pond, which was used for fishing, not swimming, presented an obvious and open danger).

■ Even if a risk is considered open and obvious, a duty to warn may still be imposed. In addressing the obvious risk principle, the Illinois Supreme Court found that a rule consistent with an owner's general duty of reasonable care "recognizes that the 'obviousness' of a condition or the fact that the injured party may have been in some sense 'aware' of it may not always serve as adequate warning of the condition and of the consequences of encountering it." (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 148-49, 554 N.E.2d 223.) If the plaintiff "was also guilty of negligence contributing to his injury, then that is a proper consideration under comparative negligence principles." *Ward*, 136 Ill. 2d at 152.

■ Applying these principles to the present case, we believe that summary judgment was not appropriate because the trier of fact has the function of determining whether or not defendant's duty to use reasonable care included a duty to warn, and whether plaintiff's understanding of the risk relieved defendant of any duty to warn.

The cases relied on by the present parties which specifically address the danger of shallow water diving do not suggest a different result.

Judgment reversed and remanded.

TULLY and CERDA, JJ., concur.