**Wade LEDERMAN, Plaintiff–Appellant,**

v.

**PACIFIC INDUSTRIES, INCORPORATED, Defendant–Appellee.**

No. 96–3619.

United States Court of Appeals, Seventh Circuit.

Argued May 16, 1997.

Decided July 16, 1997.

---

John P. DeRose (argued), Kenneth A. Jatczak, DeRose & Associates, Burr Ridge, IL, Bruce R. Fawell, Fawell & Fawell, Wheaton, IL, for Plaintiff–Appellant.

Linda E. Spring, Steven L. Larson, John A. Terselic (argued), Wildman, Harrold, Allen & Dixon, Waukegan, IL, for Defendant–Appellee.

Before CUMMINGS, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Wade Lederman was injured severely when he dove into a residential swimming pool manufactured and designed by Pacific Industries, Incorporated ("Pacific"). He brought this action in the district court alleging that Pacific had been negligent in designing and manufacturing the pool. The district court granted Pacific's motion for summary judgment. We affirm.

## I

### BACKGROUND

On July 5, 1991, Mr. Lederman went to a relative's house for a Fourth of July pool party. At the time, he was 31 years old and was in good physical shape. At about 10:30 p.m. that evening, Mr. Lederman, along with his brother and two others, decided to go swimming. For about an hour and a half, the group jumped from the sides of the pool and off the diving board into the water. At around midnight, Mr. Lederman dove into the pool from the side and struck his head on the bottom, sustaining permanent physical and neurological injuries.

The swimming pool at issue is a residential, inground, oval-shaped pool with a shallow end and a deep end. There are three steps at the shallow end, nearest the house, by which swimmers can enter the pool. The shallow end extends horizontally for ten feet

at a vertical depth of two and a half feet. A one-foot-wide white line is painted on the bottom of the pool across the width of the pool separating the shallow end from the deep end. Beginning at the white line, the depth of the pool gradually increases to just over seven feet and then remains constant for ten horizontal feet. There is a diving board located at the far deep end of the pool. Pacific did not provide numbered markers to indicate the various depths of the pool, nor did it supply any signs warning of the dangers of diving into shallow water.

Mr. Lederman sued Pacific under a negligence theory for the damages resulting from his injuries. He alleged that, in designing and manufacturing the pool in question, Pacific had (1) "[f]ailed to display the water depths on the swimming pool"; (2) "[f]ailed to warn what areas around the pool were not to be used for diving"; (3) "[f]ailed to warn that at night, with pool lights on, the depth of the water was deceptive to users of the pool"; and (4) "[f]ailed to warn that the broad white line on the floor of said swimming pool did not mean it was safe to dive to the diving board side of that line."[1] R.1 at 2–3. The district court, applying Illinois law, held that the dangers associated with diving into such a swimming pool are open and obvious to a reasonable adult and therefore that Pacific had no duty to warn.[2] Accordingly, the district court granted Pacific's motion for summary judgment. See Lederman v. Pacific Indus., 939 F.Supp. 619 (N.D.Ill.1996). In this appeal, Mr. Lederman's primary contention is that the risks associated with the dive he performed were not open and obvious and that Pacific therefore should have warned him of those risks through depth markers and warning signs.

## II

## DISCUSSION

We review the district court's decision to grant summary judgment de novo. *Sybron Transition Corp. v. Security Ins. Co.*, 107 F.3d 1250, 1255 (7th Cir.1997). This case arises under the diversity jurisdiction, and Illinois' substantive law of negligence applies. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Esser v. McIntyre*, 169 Ill.2d 292, 214 Ill.Dec. 693, 696–97, 661 N.E.2d 1138, 1141–42 (1996). Under Illinois law, a manufacturer of a product has a duty to warn prospective users of the dangers associated with the reasonable use of its product. *Klen v. Asahi Pool, Inc.*, 268 Ill.App.3d 1031, 205 Ill.Dec. 753, 756, 643 N.E.2d 1360, 1363 (1994). Conversely, a manufacturer generally has no duty to warn of open and obvious dangers. *Id.* at 759, 643 N.E.2d at 1366; *see* 2 Louis R. Frumer & Melvin I. Friedman, Products Liability § 12.04 (1997).[3] "In cases involving obvious

---

1. At oral argument, Mr. Lederman's counsel, responding to our inquiry, stated that there was nothing wrong with the placement of the white line per se. Rather, he maintained, additional warnings and markers should have been present in and around the pool.

2. As one alternative ground for summary judgment, the district court determined that any failure to warn on Pacific's part could not have been the proximate cause of Mr. Lederman's injuries. This determination was based on the deposition testimony of Brett Lederman that Mr. Lederman had fallen or slipped rather than dove into the pool. For purposes of this opinion, we shall assume that Mr. Lederman dove into the pool.

3. Many of the duty-to-warn cases involving pools concern the liability of a landowner rather than, as in this case, the liability of a manufacturer. However, notwithstanding the fact that the defendant in *Klen* was a pool manufacturer, the court there relied on the landowner liability cases. 205 Ill.Dec. at 758, 643 N.E.2d at 1365. In so relying, it noted that the sole distinction between premises liability and products liability is that there are some open and obvious conditions of which landowners must warn, whereas manufacturers have no duty to warn of their products' dangerous propensities. *Klen*, 205 Ill. Dec. at 758–59, 643 N.E.2d at 1365–66; *see Bucheleres v. Chicago Park Dist.*, 171 Ill.2d 435, 216 Ill.Dec. 568, 575–76, 665 N.E.2d 826, 833–34 (1996) (noting that landowners have no duty to warn of open and obvious conditions except when they have reason to anticipate that invitees nonetheless will be harmed by the condition because there is reason to believe that invitees will be distracted or forgetful). *Klen*, of course, involved a products liability action, whereas Mr. Lederman has sued under a negligence theory. Illinois courts, though, treat failure-to-warn claims asserted against manufacturers alike whether the plaintiff asserts a negligence or products liability theory. Under either theory, a manufacturer has no duty to warn of obvious dangers. See, *e.g.*, *Mealey v. Pittman*, 202 Ill. App.3d 771, 147 Ill.Dec. 833, 836–37, 559 N.E.2d 1173, 1176–77 (1990) (no action for neg-

and common conditions, such as fire, height, and bodies of water, the law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition." *Bucheleres v. Chicago Park Dist.*, 171 Ill.2d 435, 216 Ill. Dec. 568, 574, 665 N.E.2d 826, 832 (1996). Determining whether a particular danger is open and obvious is an objective inquiry; we must decide whether a reasonable 31–year–old adult in Mr. Lederman's position would have recognized the risks involved in diving into the pool in question. *See Klen*, 205 Ill.Dec. at 758–59, 643 N.E.2d at 1365–66. Our task is to predict what the Supreme Court of Illinois would hold if presented with this issue. *See Boland v. Engle*, 113 F.3d 706, 710 (7th Cir.1997).

█ The Illinois case most directly on point is *Osborne v. Claydon*, 266 Ill.App.3d 434, 203 Ill.Dec. 764, 640 N.E.2d 684 (1994), and is, in fact, extremely similar to the case at hand. In *Osborne*, the 17–year–old plaintiff made a running dive into an in-ground pool and suffered severe spinal injuries. He sued the owners of the pool alleging that they had a duty to warn him of the risks of diving head first into their pool. The Appellate Court of Illinois held that the landowners owed no duty to the plaintiff because he "was old enough and mature enough to appreciate the danger of the dive he was performing when injured." *Id.* at 766, 640 N.E.2d at 686. Although the *Osborne* plaintiff, unlike Mr. Lederman, was an experienced swimmer and had swam in the pool at issue on many occasions, the court referenced the plaintiff's experience merely to bolster its core holding that the plaintiff's dive presented open and obvious dangers as an objective matter. *Id.* at 769, 640 N.E.2d at 689.

Similarly, in *Bucheleres* the Supreme Court of Illinois recently held that Lake Michigan "presents open and obvious risks to lakefront patrons who dive from concrete seawalls into the lake." 216 Ill.Dec. at 578, 665 N.E.2d at 836. In so holding, the court noted that "bodies of water are ordinarily considered to be open and obvious conditions and thereby carry their own warning of possible danger." *Id.* at 577, 665 N.E.2d at 835. Mr. Lederman correctly observes that *Bucheleres* involved the dangers of diving into a *natural* body of water. Indeed, *Bucheleres* catalogs several appellate court decisions holding that the dangers associated with natural bodies of water are open and obvious. *See* id. at 576–77, 665 N.E.2d at 834–35 (discussing, inter alia, *Dowen v. Hall*, 191 Ill. App.3d 903, 138 Ill.Dec. 933, 548 N.E.2d 346 (1989) (holding that reasonable adult would realize that diving into lake from pier into muddy waters of unknown depth might result in severe injury)). Yet the *Bucheleres* court, in addition to surveying the Illinois appellate cases involving natural bodies of water, discussed others in which swimming pool accidents were at issue. Most notably, it favorably cited *Osborne*, *supra*, for the proposition that "pool owners had no duty to protect against or to warn the plaintiff of the risks of making a running dive into their pool." *Bucheleres*, 216 Ill.Dec. at 577, 665 N.E.2d at 835. The court also noted with approval that "[m]any appellate court decisions involving drowning rather than diving injuries have acknowledged that liability ordinarily does not arise because of the open and obvious risks associated with natural and artificial bodies of water." *Id.* (emphasis added) (citing *Englund v. Englund*, 246 Ill. App.3d 468, 186 Ill.Dec. 57, 615 N.E.2d 861 (1993), for the proposition that "aboveground swimming pool deemed obvious danger as a matter of law in case involving

ligence or strict liability based on failure to warn because there is no duty to warn of open and obvious dangers); *Carrizales v. Rheem Mfg. Co.*, 226 Ill.App.3d 20, 168 Ill.Dec. 169, 172–73, 589 N.E.2d 569, 572–73 (1991) (no duty to warn in negligence action if danger is obvious). *See generally* 735 ILCS § 5/2–2106(c) (effective March 9, 1995). Accordingly, because Mr. Lederman is suing a manufacturer, the " 'forgetfulness or distraction' exception" available to landowners, *see Bucheleres*, 216 Ill.Dec. at 576, 665 N.E.2d at

834, is inapplicable here. *Cf. Klen*, 205 Ill.Dec. at 758, 643 N.E.2d at 1365. Otherwise, as in *Klen*, the landowner liability cases accurately delineate the duties Pacific owed Mr. Lederman. *See* 2 Frumer & Friedman, Products Liability § 12.02 (noting that, in most jurisdictions, there are no differences between failure-to-warn claims asserted under theories of negligence or strict liability). Apparently, Mr. Lederman's products liability count was dismissed previously. *See* Appellee's Br. at 15.

drowning of three-year-old child"). It was after taking note of all of these cases, which arose in diverse contexts, that the court remarked that "bodies of water are ordinarily considered to be open and obvious conditions and thereby carry their own warning of possible danger." *Id.*

Based on the foregoing authority, we believe that Illinois' highest court would hold that the risks associated with Mr. Lederman's injurious dive would have been obvious to a reasonable adult in his position. Under the above-cited cases, this is true even if we assume that Mr. Lederman attempted a shallow or flat dive. (Mr. Lederman does not recall how he entered the water; his brother testified that Mr. Lederman slipped into the pool.) On July 5, Mr. Lederman had been swimming for an hour and a half before the accident. He had seen his 5–year-old daughter standing in the shallow end with her head above water. He knew that the pool had a shallow and a deep end and that the depth of the pool at any one point could not be ascertained from outside the pool. A reasonable adult in Mr. Lederman's position, knowing that the pool was shallow in parts, would have recognized the dangers of diving into such a pool at around midnight when, as he notes, it was dark. Even if Mr. Lederman had been unaware of the general nature and depths of the pool, the dangers associated with diving into waters of unknown depth are open and obvious to a reasonable adult under *Bucheleres.* Accordingly, Pacific had no duty to warn Mr. Lederman of the open and obvious risks associated with the dive he attempted.

In support of his position, Mr. Lederman cites several cases involving bodies of water, but they cannot control our decision. In *Corbin v. Coleco Indus.*, 748 F.2d 411 (7th Cir.1984), we held that, under Indiana law, the danger of serious spinal cord injury from executing a flat, shallow dive into shallow water was not open and obvious as a matter of law. *Id.* at 417. *Corbin*, however, was interpreting Indiana law. The courts of Illinois, as we have already seen, take a decidedly more restrictive view of liability in this area. Indeed, *Corbin* has been questioned by at least one Illinois court,[4] as well as by some members of the academic bar.[5] Mr. Lederman's reliance on *Klen v. Asahi Pool, Inc.*, 268 Ill.App.3d 1031, 205 Ill.Dec. 753, 643 N.E.2d 1360 (1994), and *Schellenberg v. Winnetka Park District*, 231 Ill.App.3d 46, 172 Ill.Dec. 814, 596 N.E.2d 93 (1992), is likewise unavailing. Those cases hold merely that the dangers associated with certain dives are not open and obvious to *minors.*[6] Some Illinois cases, on the other hand, hold that swimming pools present open and obvious risks even to children.[7] *Osborne, supra*, further distinguished *Schellenberg* on the ground that the dive being made there was a surface dive that was made while the plaintiff was already standing in the water. See 203 Ill.Dec. at 768, 640 N.E.2d at 688. The sum of these cases is simply that Illinois tends to place more responsibility in these situations on adults while giving some leeway to children. By the same token, these cases weigh in favor of the district court's decision to grant summary judgment to Pacific.

4. *See Klen v. Asahi Pool, Inc.*, 268 Ill.App.3d 1031, 205 Ill.Dec. 753, 761–62, 643 N.E.2d 1360, 1368–69 (1994) ("To the extent *Corbin* finds that the danger of executing a flat or 'shallow' dive by an adult is not open and obvious, we do not reach that conclusion here nor do we necessarily agree that it would not be open and obvious to an adult.") (citing *Dowen v. Hall*, 191 Ill.App.3d 903, 138 Ill.Dec. 933, 548 N.E.2d 346 (1989)).

5. *See* James A. Henderson, Jr. & Aaron D. Twerski, "Doctrinal Collapse in Products Liability: The Empty Shell of Failure to Warn," 65 N.Y.U. L.Rev. 265, 316–17 & n. 208 (1990).

6. *See Klen*, 205 Ill.Dec. at 762, 643 N.E.2d at 1369 ("While there is authority in the premises liability context which has held th[e] risk [of diving into shallow pools] to be open and obvious

to adults . . ., we cannot reach that conclusion as a matter of law with respect to minors. . . ."); *Schellenberg*, 172 Ill.Dec. at 815, 596 N.E.2d at 94 (reversing summary judgment "because of plaintiff's minority").

7. *See Barham v. Knickrehm*, 277 Ill.App.3d 1034, 214 Ill.Dec. 721, 724–25, 661 N.E.2d 1166, 1169–70 (1996) (holding that swimming pool presented an open and obvious danger to 13–year-old who was injured when she jumped into pool); *cf. Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.*, 169 Ill.2d 110, 214 Ill.Dec. 156, 660 N.E.2d 863 (1995) (holding that landowner owed no duty to protect 6year-old from obvious danger of drowning in pool).

## Conclusion

The judgment of the district court is affirmed.

AFFIRMED